*458 OPINION of the Court, by
Judge Logan.
This was an action of detinue brought by the appellant to re-cover t!,e possession of a certain slave. He derives his right to the slave under a purchase from Daniel Ander-son . and in evidence of his purchase exhibited a hill of sale from Anderson, bearing datgthe 24th day of No- *459 Member, 1812, proved the execution thereof, and the pay ment of the consideration;
But his recovery was repelled by the instructions of the court, upon the ground that the hill of sale was as to creditors fraudulent perse; because possession did not follow the transfer of right into the hands of the purchaser. Whether in those instructions the court correctly decided, is the only question material for our consideration.
The determination of this question leads to an examination of the circumstances under which the opinion was given;
Andersoji, the proprietor of this slave, had hired her out for one year from August, 1812; left this state, and in his absence sold the slave to the appellant. But having before his departure from the state executed two bonds# one for $67 50 to the appellee, payable the 25th of December, 1812; and the other for $60, payable the 1st of January, 1813 ; which by assignment was transferred to the appellee: the appellee in April, 1813, preferred his bill in chancery, praying an attachment against the property of Anderson, which was served on this and some other negroes, the property of Anderson; and in October following, decreed to be sold in satisfaction of said debts ; and Caldwell, the appellee, became the purchaser.
It also appears that the bill of sale to the appellant was admitted to record in Virginia on the 15th day of June, 1813; but which circumstance docs not seem material to a decision of this cause.
The simple inquiry involved is with respect to the effect of the sale — whether the possession of the slave is So incompatible with the right transferred, as to render the deed fraudulent per se ?
When the sale was made, it is not pretended that the vendor had not the right to sell. Although the slave-had for a time been hired out, the owner might notwithstanding transfer the right, subject to the terms upon which she had been hired. The right to dispose of the property, though notin possession, but which was held tinder the vendor, was decided in the case of Bullock vs. M’Calla, (2 Bibb 289) and which we think ought not to admit of a doubt. If then the right may be thus transferred in the slave, the subsequent holding by the person who had hired, ought not to be treated as the posses *460 sion of the seller, opposed to the transfer of right; and as such, from its repugnant character, to fall under the denomination of a contract fraudulent p«r se. The possession does not continue to be the possession of the seller : it is not in its nature incompatible with the right transferred, and ought not therefore to stamp the contract as fraudulent in itself. With the transfer of right in the property, the right of possession, subject to the qualified interest held by another, was also transferred. The possession of the third person was a possession connected with the right of property, and ought therefore rather to be regarded, in the hands of the person hiring, as following the transfer of the right of property into the hands of the purchaser.
We are therefore of opinion that the court erred in the instructions given, and that the judgment must be reversed with costs, and the cause remanded for a new trial.