Chief Justice Robertson
delivered the Opinion of the Court.
Only one question is presented in this' case, and that is, whether a judgment against a Sheriff and his sureties, in a suit on his official bond, brought for his failure to pay, upon demand made of him, notes of the Bank of the Commonwealth, which, as sheriff, he had collected, m virture oí a fien jactas, for the relator, should be rendered for the nominal amount .of the notes so re- . . cieved, to be paid in the like currency, or for the money *136 value of those notes, at the time when the cause of action accrued in consequence of the officer’s delinquency»
The verdict and judgment in this case, seem to have been rendered for the nominal amount of the notes which had been collected by the sheriff; and in that particular, there is error, as this court, in a similar case, has heretofore decided, Canterberry et al. vs. The Commonweath. (1. Dana, 415.)
The surities of the sheriff undertook, that he would discharge his official trust according to law; and for his failure to do so, they are liable in a suit on their bond, to the extent of the damage sustained in consequence of his breach of duty. But that liability can be thus enforced, according only to the rules of the common law, and therefore, the amount of actual damage in money is all that could be recovered against them, in a common law action. There is no statute which has changed the common law in this particular; that of 1827 authorizes a judgment only against the sheriff himself for any thing else than money. And the act of 1824, which authorizes judgments in kind, on contracts for bank paper, does not apply, because this suit is not founded on any such contract, but is brought on the covenant, not to pay bank notes or money, but to indemnify any person who «hall have been damnified by the official delinquency of the sheriff.
There was no necessity of positive proof that he was sheriff; the parties are, as to that fact, estopped by their bond.
It is therefore considered, that the judgment of the Circuit Court be reversed, and the cause remanded for a new trial.