CASE 12—MOTION—JANUARY 14.

# Robbins vs. Oldham.

APPEAL FROM PENDLETON CIRCUIT COURT.

1. The sale, in August, of a growing crop of tobacco—the seller to cultivate it and deliver it to the purchaser by the 1st March following—is not constructively fraudulent as to creditors or subsequent purchasers, merely because the seller retained the possession.

2. See the opinion for a statement of the general rule of fraud *per se*, and the exceptions to which the rule is subject.

J. E. RECORDS, for appellant, cited 1 *Smith's Leading Cases*, p. 52 ; 1 *Rev. Stat.*, sec. 1, p. 545 ; *Acts* 1861–2–3, p. 67.

S. F. SWOPE for appellee.

CHIEF JUSTICE DUVALL DELIVERED THE OPINION OF THE COURT :

In August, 1862, Maines sold to Oldham his crop of tobacco, then growing in the field, for the price of $124 29, which was paid in hand by Oldham. It was further stipulated in the written contract that Maines was to cultivate, strip, and bulk said tobacco, and deliver it to Oldham by the 1st March, 1863 ; and for the extra work to be done by Maines he was to be allowed six cents per pound.

In November following an execution in favor of Robbins against Maines was levied on this tobacco. Oldham claimed it under his previous purchase, and suspended the sale by executing the bond prescribed by the Code. (*Sec.* 713.) On the trial of a motion for judgment on the bond, the court below, to whom the law and facts were submitted, sustained Oldham's claim to the tobacco, and Robbins has appealed.

It is contended that the sale was constructively fraudulent because the seller retained the possession of the property.

It is the well-settled doctrine of this court, that where there is an absolute sale of movable property, the possession must accompany the title, or the sale will be void in law as to creditors or subsequent purchasers, even though the contract contain

a stipulation that the vendor is to retain the possession till a future day. (*Brummel vs. Stocton, &c.*, 3 *Dana*, 135.)

But this rule of fraud *per se*, as it is called, is subject, like all other general rules, to exceptions. Thus, the retention of personal chattels by the mortgagor, even after forfeiture ; or by the grantor in a deed of trust ; or by the grantor in a conditional sale, has never been held to be conclusive evidence of fraud. So the retention of possession by the former owner, after a coercive sale under execution, is another exception to the rule. And the sale of property, not at the time in the actual possession of the vendor, as of a slave on hire to another, or of a ship at sea, has never been held to be within the rule, even in the earlier cases where it was much more rigorously applied than at present.

The reason of this last exception is, that, in the very nature of the case, a delivery of the possession is impracticable. Hence, in the case just cited, the court, in laying down the general rule, said : " That whenever the title absolutely passes by a contract between the owner and the purchaser, the possession of the thing sold, if it be movable property, *and then susceptible of delivery*, must go with the title," otherwise the sale will be deemed fraudulent.

It needs no argument to show that this qualification of the rule is necessary to the ordinary business and commerce of the country, which it is the policy of the law to encourage. And why is the present case not embraced by the qualification ? Here was an absolute sale of a growing crop, not susceptible of delivery at the time. The convenience of the seller, or it may be the necessity of his situation, required such disposition of his property. So far as the record shows, the transaction was fair and free from any taint of actual fraud. Is it the policy of the law to interdict such sales entirely by declaring them absolutely fraudulent on the mere ground that the seller retains, as he must necessarily do, the possession of the property until it shall become susceptible of actual delivery ? We think not.

The judgment of the court below was in conformity with this view, and is affirmed.