CASE 11—PETITION ORDINARY—JUNE 21.

# Cummins vs. Griggs & Hayes

APPEAL FROM METCALFE CIRCUIT COURT.

1. The sale of a growing crop of tobacco, which was paid for by the purchaser —the seller to cut the tobacco when matured, and to cure it—is not constructively fraudulent as to creditors, merely because the seller retained the possession.

2. The sale, in such cases, passes the title to the purchaser.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The only question we shall consider in this case is, whether a field of growing tobacco sold by its producer, *Huffman*, to the appellee, *Griggs*, about the 20th of August, 1863, and levied on about thirteen days afterwards by the appellant, as an execution creditor of *Huffman*, was subject to sale under the execution.

The purchaser paid for the tobacco on the day of the sale, and the vendor agreed to cut it when matured, and cure it, and was in the ostensible possession of it at the date of the levy. The circuit judge, to whom the law and the facts were submitted, adjudged the title to be in the appellee, *Griggs*, and we are not prepared to reverse that judgment.

As *Huffman* agreed to take care of the tobacco, and cut and cure it, and as, until that had been done, it was not removable and susceptible of any other than constructive possession, the retention of an apparent possession by the vendor did not, *per se*, make the absolute sale fraudulent as

against the appellant as a creditor of the vendor; and we do not feel authorized to impute to the sale a fraudulent intent.

Nor can we admit, as urged by appellant's counsel, that the sale did not vest in *Griggs* the immediate title, because something remained to be done by Huffman to save the tobacco. The payment of the price on an unconditional sale constructively passed the title, unless the vendor retained the possession for the purpose of doing something with the tobacco necessary for ascertaining the value or identifying the thing sold, and, therefore, necessarily an implied preliminary to the divestiture of the vendor's title. But the parties had fixed the price, and the contract conclusively identified the tobacco sold and paid for. And the sale passed the title to the purchaser, and at his risk, as certainly as the like sale of a horse for a sum paid, but to be fed by the vendor for a month, would have vested the title to it in the purchaser. The only difference in principle between the cases is, that, in the case of the horse, the retention of the possession by the vendor might have made the absolute sale void as to the vendor's creditors, while the same fact, in the case of the immovable growing tobacco, would not have been inconsistent with the purchaser's title, and, therefore, not alone presumptively fraudulent. But, so far as the purchaser's title as between himself and his vendor would be concerned, the two cases are, in law, identical.

We are not satisfied, therefore, that the circuit court erred in deciding that the tobacco was not subject to the appellant's execution.

Wherefore, the judgment is affirmed.