CASE 22—PETITION ORDINARY—JUNE 12.

# Oldham vs. McClanahan, &c.

### APPEAL FROM BRACKEN CIRCUIT COURT.

The sale of a growing crop of tobacco, although evidenced by writing reciting the payment of the consideration, will not prevail against creditors, without proof *aliunde* of the recited payment; such recital being no evidence against strangers to the transaction.

STANTON & THROOP, for appellant, cited 3 *Dana*, 135; 6 *Dana*, 185; 1 *Duvall*, 28.

C. H. LEE on same side.

J. B. CLARKE for appellee.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

After a very careful examination of the evidence in this case, we have been unable to find from it that appellant had paid any part of the purchase price of the tobacco.

In the writing evidencing the contract it is recited that one Joseph Brown had sold to appellant his crop of tobacco, then growing in the patch, for and in consideration of seventy dollars paid to him in hand *in cash*, and had delivered the tobacco to said Oldham in the patch.

The recitals in the writing are not evidence against strangers to the transaction, and in order to enable the plaintiff below to recover, it was necessary for him to prove *aliunde* that he was a purchaser of the tobacco for a valuable consideration, and to prove the payment of the stipulated price.

Levi Brown, one of the parties, was examined as a witness on the trial for plaintiff below, and proved he was present and saw the agreement executed, and signed it at the same time himself; but wholly fails to prove that anything was then paid. The particularity with which the payment of the price is set out in the writing, and the affirmation that the tobacco was then delivered, when, from the condition of the crop at that season, and the agreement of the Browns to mature, cut, secure, and deliver the tobacco to Oldham, who lived some twelve miles from them, and the failure to prove the payment of the money by the witness who was present, professed to know all about the transaction, and was examined on the trial, are circumstances strongly conducing to prove that the transaction was not in fact what it purported to be, and not free from a taint of fraud in fact.

In Robbins vs. Oldham (1 *Duv.*, 28), it is distinctly stated in the opinion that the price was paid to Maines, which fact was proved on the trial, and was a controlling one in the determination of the case; but the evidence of that fact is omitted in this record.

The judgment, for the reasons stated, is *affirmed*.