## Finney's Appeal.

1. A debtor owning stock delivered the certificate with a power of attorney to transfer to a creditor as collateral security. In a contest with another creditor, the purchaser might show by parol that the date in the power of attorney was a clerical error, and that it had been executed at a different time.

2. The debtor was a competent witness to prove the mistake, his interest being balanced between the two creditors.

3. The title to the stock passed to the creditor at the time of the delivery of the certificate and power of attorney, although it continued to stand on the books of the company in the debtor's name.

November 5th 1868.     Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.    READ, J., absent.

Appeal by Robert Finney from the decree of the District Court of *Allegheny county :* In Equity : No. 139, to October and November Term 1868.

James M. Snowden, on the 6th of November 1867, filed a bill against The Triumph Oil Company and Robert Finney, in which he averred : — 1. That he was the owner of certificate No. 256, for 2500 shares of the stock of the oil company ; 2. That Isaac M. Pennock, on the 9th of May 1866, owed the plaintiff $5000 on five promissory notes, dated April 10th 1866, payable in four, six, eight, ten and twelve months respectively, and Pennock, being then the owner of said certificate, delivered it to the plaintiff as collateral security for the debt, with the power of attorney attached from Pennock to William Mussler to transfer the stock to the plaintiff or any other person ; 3. That the notes were protested at maturity and are still unpaid ; 4. That the defendant Finney issued an attachment-execution against Pennock on the 25th of June 1866, which was served October 26th on the oil company as garnishees ; 5. That on the 9th of July 1867, the District Court of Allegheny ordered 4500 shares of the stock of the company, appearing on their books as belonging to Pennock, to be sold as his property, subject to the right of E. Brownfield in 2000 shares and J. M. Snowden in 2500 shares, &c. ; 6. That the interest of Pennock in the stock of certificate No. 256 was sold July 23d 1867, under the above order and bought by Finney ; 7. That the plaintiff, on the 17th of September 1867, after notice to Pennock and Finney, sold the same stock at public

auction, when it was purchased by the plaintiff; 8. That the company refuses to allow a transfer of the stock; 9. That the company, since the delivery of the certificate to the plaintiff, has declared on the certificate a stock dividend of 625 shares and cash dividends amounting to $1437.50. The bill prayed for a decree directing a transfer to the plaintiff of the original stock and the stock dividends, and the payment to him of the cash dividends, and for further relief.

Finney, by his answer, denied that the plaintiff owned the 2500 shares of stock and averred that they were his; averred ignorance of the 2d and 3d paragraphs of the bill, admitted the 4th, 5th, 6th, 8th and 9th paragraphs and denied the 7th paragraph.

The oil company answered, disclaiming any interest in the controversy, admitting facts not inconsistent with the plaintiff's allegations and submitting themselves to the judgment of the court. A general replication was filed. The court appointed an examiner to take testimony. The power of attorney was found to be dated "1867" and the date of the cancellation of the revenue stamp to be "1866."

Against the objection of Finney, Pennock testified that the power of attorney was filled up on the 9th of May 1866, to secure the notes mentioned in the plaintiff's bill; the stamp was cancelled by witness; the insertion of "7" instead of "6" was a clerical error; the date of cancelling the stamp was the true date of the transaction. The witness to the power of attorney testified to substantially the same facts. Another witness testified that the transaction occured in 1866.

On the 27th of June 1868, the court decreed : " That the said Triumph Oil Company, upon request made and surrender of certificate No. 256, with power of attorney attached, do permit William Mussler, as attorney of Isaac M. Pennock, to transfer upon the books of said company, to James M. Snowden, the plaintiff, the stock in said company named in said certificate No. 256.

" Also, that the Triumph Oil Company place the stock dividends declared on the said 2500 shares of their stock, represented by said certificate No. 256, since the 9th day of May 1866, to the credit and in the name of said James M. Snowden; and that the said Triumph Oil Company pay to the said James M. Snowden all the cash dividends which have accrued and been declared on the said 2500 shares of stock and its increment or stock dividends since the 9th day of May 1866; and that the said Robert Finney do pay to the said James M. Snowden, plaintiff, his costs incurred in this suit."

Finney appealed, and assigned for error, that the court erred :—

1. In deciding that the title to the 2500 shares of stock in controversy was in James M. Snowden, the plaintiff.

[Finney's Appeal.]

2. In holding that Isaac M. Pennock, the assignor of the stock in controversy, was a competent witness.

3. In holding that the plaintiff could counteract, change and alter by parol testimony the power of attorney dated May 9th 1867.

4. In making the final decree of June 27th 1868.

*J. Barton,* for appellant.

*Collier, Miller* and *McBride,* for appellee.—Stock sold and certificate and power of attorney delivered to the purchaser cannot be attached by a creditor of vendor, although it continues in his name on the books of the company: United States *v.* Vaughan, 3 Binn. 394; Commonwealth *v.* Watmough, 6 Whart. 117; Building Association *v.* Sendmeyer, 14 Wright 67.

The opinion of the court was delivered, November 16th 1868, by

THOMPSON, C. J.—The proof was incontrovertible, that James M. Snowden received an assignment for value, of the certificate of stock No. 256, of the appellant's company, from Isaac M. Pennock, on the 9th day of May 1866. The cancellation of the stamp, as well as other testimony, abundantly proved that to have been the true date of the transaction. The court would have erred had it not permitted this to be proved. Nor was Pennock an incompetent witness to prove it. He had no disqualifying interest in the matter. Between creditors his interest was equally balanced, and that was his position.

Pennock having assigned to Snowden, and delivered to him the certificate, with a power of attorney to transfer the stock on the books of the company a month and a half before the levy at the instance of Finney, trustee, passed Pennock's interest in it to him, and although it stood on the books of the company in the name of Pennock, a sale of it in his name, would not divest Snowden's prior title; so that Snowden's sale afterwards, in pursuance of the pledge of the stock, with notice to Finney and Pennock, passed a good title to the stock. That this was the effect of the assignment and delivery of the stock to Snowden, is clearly shown in Commonwealth *v.* Watmough, 6 Whart. 117, and in Building Association *v.* Sendmeyer, 14 Wright 67. That the stock was transferable only on the books of the company, does not change the rule, as the first of the cases cited above fully proves.

Decree affirmed, at the costs of the appellant.