CASE 11—PETITION ORDINARY—JUNE 11.

# Morton vs. Ragan & Dickey.

# Walden vs. Ragan & Dickey.

APPEAL FROM BALLARD CIRCUIT COURT.

1. Possession must accompany the title in sales of movable property, or the sale will be *per se* fraudulent and void in law as to subsequent purchasers and creditors of the vendor, even though the contract contains a stipulation that the seller is to retain possession until a future day. (*Brummel vs. Stockton, &c.,* 3 *Dana,* 135; *Robbins vs. Oldham,* 1 *Duvall,* 28.)

2. But this rule does not extend to property which is not susceptible of delivery, as a growing crop, which could not, without destroying it, be removed at the time. (*Cummings vs. Griggs, &c.,* 2 *Duvall,* 87.)

3. A sale of movable property, which is exempt from execution, is not constructively fraudulent, because the seller remained in possession. As between the purchaser and attaching creditors, the purchaser is entitled to such property; but otherwise as to such property as is not exempt from execution.

Oscar Turner and
W. P. D. Bush,                                    For Appellants,

CITED—

6 *Dana,* 185; *Daniel, &c., vs. Clay, &c.*

17 *B. Mon.,* 541; *Taylor vs. Smith.*

8 *Dana,* 247, 254, 265; *Vernon, &c., vs. Morton, &c.*

4 *B. Mon.,* 299; *Pearson & Anderson vs. Rockhill & Co.*

4 *B. Mon.,* 429; *Bank of U. S. vs. Huth.*

3 *B. Mon.,* 557; *Ford vs. Williams.*

1 *Met.,* 404; *Short vs. Tinsley, &c.*

1 *Duvall,* 29; *Robbins vs. Oldham.*

Morton vs. Ragan & Dickey.

2 *Duvall*, 87; *Cummings vs. Griggs, &c.*
*Civil Code, sec.* 221, *subdiv.* 7.
*Myers' Code, note e, page* 448.

J. D. WHITE and
Z. W. BUGG,                                  For Appellees.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

The principle is well settled as applicable to private sales of movable property, that the possession must accompany the title, or the sale will be *per se* fraudulent and void in law as to subsequent purchasers and creditors of the vendor, even though the contract contains a stipulation that the seller is to retain the possession until a future day. (*Brummel vs. Stockton*, 3 *Dana*, 135; *Robbins vs. Oldham*, 1 *Duvall*, 28.)

But the rule has been held not to extend to property which is not susceptible of delivery, as a growing crop, which could not, without destroying it, be removed at the time. (*Robbins vs. Oldham, supra; Cummings vs. Griggs, &c.*, 2 *Duvall*, 87.) And, for obvious reasons, we think it should not be applied to sales of property which is exempt from sale under execution.

So far as the decision and rulings of the court in this case conform to these principles, we perceive no valid objection to them; but the court instructed the jury, without any qualification as to the growing crop embraced in the sale and deed of Morton, or the exempted property, "that if they believe from the evidence that Morton sold and conveyed to Walden the personal property included in the deed from himself to Walden, and for a full and adequate consideration, yet the law is for the creditors, and the jury should so find, unless the jury should also believe, from the evidence, that there was an

actual and visible .change of possession of such property." For the reason already indicated, this general proposition, given without qualification, was, in our opinion, misleading and erroneous; and the judgment of the court, in conformity to the verdict of the jury, to the effect of subjecting to the creditors' claims the growing crop and property which was exempt from execution, is, for the same reasons, deemed erroneous; but we do not so regard the judgment as to the goods in the store and other movable property, including the hogs and other live stock, further than the same were exempt from sale under execution.

From the evidence and special finding of the jury as to the intention of Morton in selling and disposing of his property before the attachments were sued out, it seems to us there was no error in sustaining the attachments as to any property levied upon, to which Walden did not acquire a valid right by his purchase, as already explained.

But, for the reasons we have indicated, the judgments are reversed, and the cause remanded for further proceedings not inconsistent with this opinion.