## THOMAS E. JONES v. JAMES HERONFORD ET AL.

**Personal Property—Sale—Non-removal of Same—Void as to Creditors.**

A sale of personal property, and leaving it in the possession of the vendor, even though the purchaser reside in another state, is void as to bona fide creditors of the vendor.

APPEAL FROM CUMBERLAND CIRCUIT COURT.

June 11, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

Whether the sale from F. H. Jones, of the slaves to the appellant was actually fraudulent or not, or whether the expressed consideration of the bill of sale was feigned or not, there is no contrariety of evidence as to the possession of the slaves after the date of the contract. There was no change of possession, but F. M. Jones remained, as he had been before, in possession of the slaves.

In such a case the doctrine is too well settled to admit of controversy, that the sale is fraudulent *per se* and void as to *bona fide* creditors of the vendor. It is true there are some exceptions to this general rule, as when the nature of the thing sold will not admit of its immediate delivery, but this is not of that class of cases, and nothing is perceived in it to make it an exception to the general rule. The fact that the purchaser resided in another state was certainly no sufficient reason for his leaving the slaves in the seller's possession, if the purchase was real and not merely

fictitious. (*Bromnel v. Stockton, etc., 3 Dana, 135; Robins v. Oldham, 1 Duvall, 28.*)

In this case the ruling of the court in giving and refusing instructions seems to us to have been in conformity to the principle above stated, and in our opinion the court fairly presented the law of the case to the jury.

We think the verdict of the jury was sustained by the evidence, and the motion for a new trial was properly over-ruled.

Wherefore the judgment is *affirmed.*

*Russell & Averitt for appellant.*

*James, for appellee.*