ARMSTRONG & TAYLOR *v.* WILLIAM M. REYNOLDS.

**Sale of Personal Property—Delivery—Unrecorded Mortgage.**
    A valid sale of growing tobacco may be made without delivery of actual possession where not susceptible of actual delivery.

**Unrecorded Mortgage.**

> An unrecorded chattel mortgage made in good faith, not with a view to defraud other creditors, is valid between the parties and against all purchasers of the chattels described, having notice of the pledge or mortgage, except purchasers from a creditor who had no notice.

### APPEAL FROM BRACKEN CIRCUIT COURT.

October 21, 1874.

OPINION BY JUDGE COFER:

A valid absolute sale of the tobacco in contest in this case, might have been made without a delivery of the actual possession to the vendee, because the tobacco was growing in the field at the time the contract was made, and was, therefore, not susceptible of actual delivery. *Robbins v. Oldham,* 1 Duvall 28; *Cummings v. Griggs & Hays,* 2 Duvall 87; *Morton v. Ragan & Dickey,* 5 Bush 334.

If the transaction was not a sale, but simply a mortgage or pledge to secure a debt due to the appellee, and to indemnify him as surety for Tapp, and was made in good faith, and not with a view to defraud the other creditors of the mortgagor or pledgor, it was valid between the parties to such transaction, and against all purchasers having notice of the pledge or unrecorded mortgage, except purchasers under the exception of a creditor who had no notice, such purchasers being protected notwithstanding they had notice, because of the innocence of the execution. An unrecorded mortgage is not void, as counsel for appellants seems to regard it, but is as valid as against persons having actual notice of its existence (with the exception just noticed) as if it had been recorded. *Morton v. Robards, et al.,* 4 Dana 258; *Lowe & Whitney v. Blinco,* Mss. Opinion, September, 1874.

The appellant, Taylor, had actual notice of the bill of sale before he had the execution of himself and his partner levied on the tobacco, and was therefore in no condition, when sued for the conversion of the tobacco, to resist appellee's claim to it on the ground that the writing had not been recorded.

The only question in the case was whether the transaction was actually fraudulent, and this seems to us to have been correctly presented to the jury in the instructions given by the court.

Both the instructions asked by the appellant's counsel were properly refused, the first because it assumed that there was a fraudulent intent of the parties, and that it was evidenced by the fact

that appellee may have permitted Tapp to sell a part of the property named in the writing. The jury should have been left to decide whether that fact was evidence of a fraudulent intent. The reasons which justified the refusal to give the second instruction have already been given.

Conceiving no error to the prejudice of the appellants, the judgment is *affirmed* with damages.

*John N. Furber, for appellants.*
*Thomas A. Currman, for appellee.*