BENJAMINE STINNET *v.* JOHN LOWNEY, ET AL.

**Bill of Sale of Personal Property—Fraud of Creditors.**

> The sale of chattels, in the possession of a third party, who has the right for a limited time to hold it, is not fraudulent; nor is such sale of a growing crop fraudulent where the possession is retained by the vendor. A sale of one's interest in a chattel owned with another, who has possession either in himself or a joint possession with the vendor, is not in fraud of creditors.

### APPEAL FROM LOGAN CIRCUIT COURT.

December 16, 1874.

OPINION BY JUDGE PRYOR:

The writing exhibited with appellant's petition evidences a sale of McMillen's tobacco then in his barn, to the appellant, to be taken possession of when the latter saw proper to send for it. The contract further recites that the tobacco was at the time delivered in the vendor's barn. The facts are, that the appellant never removed the tobacco from the barn, and whilst there the crop was levied upon by the sheriff under an execution against the vendor, McMillian. The appellant, in order to avoid this levy by the officers, the creditor maintaining that as the actual possession of the tobacco was not delivered at the time of the sale, it was fraudulent as to him, has attempted to show that a constructive possession was all that could be acquired, by proving that the tobacco was in such condition when sold, as to prevent a delivery without injuring the crop, or greatly lessening its value. It was doubtless too dry on the day it was purchased to be handed without damaging it, but this fact does not bring it without the rule, and it is only in cases where the thing sold is not susceptible of delivery that the exception is made. There could be no fixed rule in the application of the principle involved, if the mere fact of injury to the article sold, if removed, constituted the exception. The quantum of damage it must sustain, or the character of injury producing the damage in removing, would be so indefinite and uncertain, that if regarded at all, must result practically, at least, in abolishing the doctrine that actual possession must accompany such sales in order to defeat the claims of creditors. We think there is nothing in this view of the case taken by counsel, although presented in a very plausible manner.

The evidence, however, shows that the tobacco sold to appellant was a portion only of a joint crop owned by the father and son, the son owing the one-third and the father the remainder. The crop was

in the tobacco house, undivided, on the 29th of December, 1871, when sold to the appellant. The father and son lived on the same farm, and the possession of the one, so far as the tobacco was concerned, was the possession of the other. They were joint owners, and one had no right to sell to satisfy his own debt, the interest of the other; yet he might dispose of his own interest, and when sold, the title vested in the purchaser; but with no right to enter and take possession of the whole crop without the consent of the joint owners. There was a constructive delivery on the day of sale, and all the title having passed out of McMillian, the actual possession was then in the son, who held as the bailee of the vendee.

In this case the son of the vendor was directed by the appellant to sell the tobacco for him. He was acting as the agent for the appellant, and had the actual possession of the tobacco. When this agency was created does not appear, nor is it material in this case, as when the sale was made divesting the vendor of his interest in the tobacco, the possession of the other joint owner was the possession of the purchaser. The sheriff had no right to take the possession of the crop and sell it. He might have sold the interest of the debtor in the crop; and if the execution was in his hands in full force prior to the sale made to appellants, it created a lien that would give priority over the purchaser. The execution is not part of the record, and therefore this question cannot be determined. A sale of a growing crop, and the possession retained in the vendor, is not fraudulent as to creditors, for the reason that it is not susceptible of delivery. The sale of a chattel in the possession of a third party, who has the right for a limited time to hold it, is not fraudulent for the same reason. *Robinson v. Oldham,* 1 Duvall 28; *Butt v. Caldwell,* 4 Bibb 458; *Daniel, et al. v. Morrison's Ex'r, et al.,* 6 Dana 182.

So a sale of one's interest in a chattel owned with another, who has the possession either in himself, or a joint possession with the vendor, is not fraudulent as to creditors, for the actual possession is then with the joint owner retaining his interest, and he holds for the vendee. The question as to the action of the court in granting a new trial cannot arise on the record.

It may be that the verdicts first returned were against the evidence, and this being one of the grounds relied on, and the evidence not in the record, this court cannot determine that the court erred in granting a new trial. The peremptory instruction should not have been given.

The judgment is *reversed* and cause remanded with directions to award the appellant a new trial, and for further proceedings consistent with this opinion.

*Caldwell & Browder, for appellant.*
*J. H. Bowden, Charles S. Grubbs, for appellees.*