CASE 90—ORDINARY—APRIL 10.

# Vanmeter v. Estill.

### APPEAL FROM CLARK COURT OF COMMON PLEAS.

1. A sale of personal property, where the vendor remains in possession of it, is valid as against a creditor whose demand was contracted after the sale of the property, and with knowledge on the part of the creditor that the sale had been made when the debt was contracted.

HUSTON & MULLIGAN AND FRENCH & BUCKNER FOR APPELLANT.

1. Appellee, at the time of renting the land to C. L. Vanmeter, had notice of the purchase of the Short-horned cattle by appellant from him. Having notice of the sale, appellee gave no credit upon the cattle in controversy.

2. The rule that possession must follow the sale of chattels is arbitrary and unjust, and this court, while upholding it, has in strong terms said that it ought not to be applied to any case to which it has not been authoritatively extended. (Daniel v. Thomas, 6 Dana, 185; Jarvis v. Davis, 14 B. M.)

GEO. B. NELSON AND LELAND HATHAWAY FOR APPELLEE.

1. It is well settled that a sale of chattels must be accompanied by the possession, and the want of it is not presumptive but conclusive evidence of fraud as against creditors of, or purchasers from, the vendor. (Jarvis v. Davis, 14 B. Mon., 529; Enders v. Williams, 1 Met.)

2. The sale is void as to subsequent creditors. (Waller v. Cralle, 8 B. M., 12.)

3. Notice cannot affect such a creditor. (Mason v. Baker, 1 A. K. M., 209.)

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The principal question in this case is, whether, if the seller of personal property remains in possession of it, the sale is conclusively presumed to be fraudulent as to a creditor of the seller whose debt is contracted *after the sale, and with actual notice of it.*

This court has held, in an unbroken line of decisions, commencing with Bradley v. Buford (Snead, 13) and continuing down to Morton v. Ragan (5 Bush, 334), that an absolute

Vanmeter v. Estill.

:sale of personal property is, in judgment of law, *per se* fraudulent as to purchasers from and creditors of the seller, unless the possession of the property "accompanies and follows" the title.

But the court has more than once expressed its dissatisfaction with the rule, and declared that it should be "strictly confined to that class of cases to which it had been previously authoritatively extended." (Daniel v. Morrison, 6 Dana, 185 ; Enders v. Williams, 1 Met., 352.)

And in the latter case it was said that the tendency of modern decisions in this, as well as in the courts of most of the other states, has been to leave the question of fraud open to investigation, to be determined by all the facts which tend to show the actual intention with which the conveyance was executed; and in the former case the doctrine of *per se* fraud is characterized as arbitrary, and inconsistent with the harmony of legal science.

Acting upon these views of the rule, this court, while recognizing it in all cases coming strictly and entirely within its terms as too firmly established to be overturned by judicial action, has seized upon any slight circumstances that might enable it to make the case in hand an exception to the rule.

It has been repeatedly held that the sale of a growing crop, or of property not in a condition to be removed without injury, does not come within the rule. (Robins v. Oldham, 1 Duv., 29; Cummings v. Griggs, 2 Duv., 87 ; Morton v. Ragan, 5 Bush, 335.) So of the sale of a slave on hire (Butt v. Caldwell, 4 Bibb, 458), and of property sold under execution. (Greathouse v. Brown, 5 Mon., 282.)

It has also been held that the purchaser at private sale may have time to provide for the convenient removal of the

property, and his purchase will not be deemed fraudulent as.
to an attaching creditor who seizes the property in the mean-
time.    (Taylor v. Smith, 17 B. Mon., 541.)

The reasons upon which the rule under consideration is.
founded are—

1. That the retention of possession by the seller gives him
a delusive credit, and might enable him to practice a fraud
by reselling to one not informed of the previous sale.

2. That the possession of the seller under such circum-
stances is incompatible with the sale, and is evidence of
collusion.

The first of these reasons can have no application to a
creditor who trusts the seller or a purchaser who buys from
him with actual knowledge of the previous sale.   To trust
him on the faith of property known to belong to another is.
a folly against which no one has a right to ask the law to
protect him, and to buy from one person property known to
have been previously sold to another is an act of positive
bad faith, and such a purchaser should be regarded as com-
bining with the seller to defraud the first purchaser rather
than the victim of a fraud in *others*.    (Enders v. Williams, 1
Met., 352–3.)

We do not find a case in which this court has been called
upon to decide upon the effect of notice to a creditor or
purchaser of a previous sale of property remaining in pos-
session of the seller.    There are several cases in which it
has been held that notice of a sale that is fraudulent *in fact·*
will not affect either creditors or purchasers.    (Waller v..
Cralle, 8 B. Mon., 12; Mason v. Baker, 1 Mar., 209.)

But those cases have no application to a case like this,.
where all that is claimed is, that the sale not being followed'

Vanmeter v. Estill.

by a delivery of possession to the buyer, is fraudulent *in law.*

In Daniel v. Morrison (6 Dana, 184) the court strongly intimates that if a purchaser has actual notice of a previous sale, he will not be at liberty to disregard the rights of the purchaser on the sole ground that the possession remains with the seller.

The act of 1796 (M. & B., 738) provided that a conveyance of goods and chattels not upon a consideration deemed valuable in law should be taken to be fraudulent as to creditors and purchasers, unless acknowledged and recorded, or the possession should really and *bona fide* remain with the donee.

Nothing was said in that statute about notice. It declared a gift "should be taken to be fraudulent," unless evidenced by a recorded deed or by possession remaining with the donee, yet this court held that a purchaser of property previously given to another, if he had notice of the gift, could not hold it against the donee, although there was no recorded conveyance, and the possession remained with the donor.

The court said:

"According to our exposition of the law, a voluntary conveyance should be deemed valid against a subsequent purchaser with knowledge of its existence; that is, such a conveyance should not, merely because it is voluntary, be regarded as fraudulent and void as to a subsequent purchaser with *actual* notice."

If a gift be valid against a purchaser with notice, although the possession remains with the donor, *a fortiori* a sale for value should be valid against a creditor whose debt is created with actual notice of the sale.

No wrong is done to the creditor by so holding. He created his debt with knowledge that he could not look to the property previously sold for its payment without inflicting an injury on another, and to aid him to subject it would be to carry the doctrine of *per se* fraud to an extent to which it has not been previously carried, and to contravene the often declared purpose of this court not to extend that doctrine.

Wherefore, the judgment is reversed, and the cause remanded for a new trial, upon principles not inconsistent with this opinion.