CASE 45.—PROCEEDINGS BY E. B. ANDERSON TO SETTLE
HIS ACCOUNTS AS ASSIGNEE FOR THE BENEFIT
OF CREDITORS OF THE DAVIESS COUNTY BANK
& TRUST CO.—November 9, 1909.

# Burnes, &c. v. Daviess County Bank & Trust Co.

Appeal from Daviess Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

From the judgment Edward Franke and Sam
Burnes appeal.—Affirmed.

1. Pledges—Delivery and Possession—Written Instruments—
Bonds—Validity.—A bank issued to depositors certificates
termed "mortgage certificates of deposit," which recited the
deposit, and that the certificate was secured by an equal
amount of bonds or lien notes. When such certificates
were issued, the bank would indorse on one of its mortgage
bonds or lien notes the fact that it was pledged as security
for certificates issued, and the bond or note so indorsed was
placed in a box retained by it with others similarly indorsed,
and a similar indorsement was made on the register oppo-
site the entry of such bond or note, and, when such in-
dorsed bonds or notes were paid, another bond or note be-
longing to the bank was indorsed and placed in the box with
the others. The indorsements were not dated and ordinarily
not signed by the bank officers. Ky. St. Sec. 1908, makes
every charge upon personalty, unless actual possession in
good faith accompanies it, void as to any creditor prior to
the recording of the charge. Held, that a pledge of person-
alty could only be created by actual or symbolic delivery of
the property to the pledgee, and, while the pledge of the
bonds, etc., was valid as between the bank and certifi-
cate holders, the statute made it void as to other creditors.

2. Assignment for Benefit of Creditors—Remedies of Assignee
—Setting Aside Assignment—Right.—Under Ky. St. Sec.
84, vesting in the assignee property fraudulently trans-
ferred by an assignor for the benefit of creditors
before the assignment, if a transfer by the assignor is void
as to his creditors, it is void as to the assignee, since he rep-

resents them, and holds the property in trust for their benefit, so that the fact that a pledge of property by an assignor for the benefit of creditors without delivering possession was good as between it and the pledgees would not prevent the assignee from setting it aside as void against the assignor's creditors.

SWEENEY, ELLIS & SWEENEY, MILLER & TODD, J. D. ATCHISON and GEORGE W. JOLLY for appellants.

LEVEGA CLEMENTS, BEN D. RINGO, C. M. FINN, J. R. HAYS, W. F. HAYS and C. W. WELLS for appellees.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The Daviess County Bank & Trust Company began business in Owensboro, Ky., on August 7, 1900. On April 28, 1908, it made a general deed of assignment for the benefit of its creditors, and E. B. Anderson was appointed as trustee. He filed this action in the Daviess circuit court for a settlement of his accounts. There were a large number of depositors in the bank, some of whom held the ordinary certificates of deposit. Others held what is denominated in the record "mortgage certificates of deposit." The latter were in these words: "Owensboro, Ky., ——. $——. This is to certify that —— has deposited in the Daviess Bank & Trust Company — dollars payable to his order on return of this certificate properly indorsed twelve months after date with interest thereon at —— per cent. per annum, interest to cease on the —— day of ——, 19—. This certificate of deposit is one of a series of similar certificates and is secured by an equal amount of first mortgage bonds or lien notes on real estate in Daviess County, Kentucky, worth at least double the amount loaned."

These certificates were issued pursuant to an order of the board of directors made on March 26, 1903, which was as follows: "At a meeting of the directors of the Daviess County Bank & Trust Company held today in the directors' room there were present T. S. Venable, J. J. Griffin, and T. S. Anderson. T. S. Anderson laid before the board a plan for issuing certificates of deposit secured especially by first mortgage bonds or lien notes set aside for that purpose, all money coming in on said certificates to be invested in said class of securities and held as a special fund. Mr. Venable moved that the bank issue such certificates of deposit. His motion was seconded by Mr. Griffin and carried. Board adjourned."

The plan adopted by the bank for the issual of these mortgage certificates was this: The bank would issue a certificate of this kind to a person who deposited money with the bank, and it would take from among the mortgage bonds or lien notes a note or bond and indorse upon it in stencil these words: "This bond (or note) is pledged as security for the series of mortgage certificates of deposit issued by the Daviess County Bank & Trust Company." The bond or note thus stamped was then placed in a box with the others so stamped, and an indorsement in stencil was made on the register of the bank opposite the entry of this bond or note similar to the indorsement stamped on it. The indorsements were not dated, and were not ordinarily signed by the bank or any of the officers of it. When a bond or note thus stamped or an interest coupon was paid, it was paid to the bank in the regular course of its business and delivered to the payor; and another bond or note belonging to the bank was

taken from the notes or bonds of the bank, stamped as above, and placed among those previously stamped in the box kept for that purpose.

At the time the bank failed it held bonds secured by mortgage of the par value of $206,066. It also held real estate notes to the amount of $28,084. On these mortgage bonds and real estate notes the holders of the mortgage certificates claimed a lien on $74,000 to secure their certificates, which amounted to the sum of $73,463.44. These bonds and notes were in the box referred to with indorsements as stated at the time they came to the hands of the assignee, and that they were placed there at the time the mortgage certificates were issued or when other notes previously placed there were withdrawn is conceded. In other words, it is conceded that the bank in good faith undertook to secure these depositors in this way at the time they deposited their money with it; and the only question we are to determine is whether a valid lien may be thus created on notes and bonds to the prejudice of other creditors.

Section 1908, Ky. Stat., is in these words: "Every voluntary alienation of or charge upon personal property, unless the actual possession, in good faith, accompanies the same, shall be void as to a purchaser without notice, or any creditor, prior to the lodging for record of such transfer or charge in the office of the county court for the county where the alienor or person creating the charge resides." Under this statute, it has been held in an unbroken line of decisions, that an absolute sale of personal property is per se void as to the purchasers and creditors unless the possession of the property accompanies the title, and that a lien on the property

can only be created by a writing recorded in the county clerk's office where the owner retains possession. Enders v. Williams, 1 Metc. 346, and cases cited. In the case at bar the bank did not surrender possession of the notes and bonds put in the box to secure the mortgage certificates. These notes and bonds were not delivered to the holders of these certificates. If the maker of a note had a set-off against the bank, it was available against the note; but, if he had a set-off against the holder of a mortgage certificate, this could not have been asserted against the note in the hands of the bank and a payment to the holder of one of these certificates would have been no defense to an action by the bank on the note, if the bank had without notice of the payment, settled with the certificate holder. A pledge of personal property can only be created by actual or symbolic delivery of the property by the pledgor to the pledgee. If the property remains in the possession and under the control of the pledgor, the transaction falls within the statute, and is void as to creditors and purchasers. A bank has no greater rights than an individual, and to hold that an individual can create pocket liens upon his property in such a way as this that are valid against purchasers and creditors would be to nullify the statute and entirely defeat the legislative purpose in its enactment.

It is said that the assignee for the benefit of the creditors simply stands in the shoes of his assignor, and that the arrangement in contest was good as between the certificate holders and the bank; but by section 84, Ky. St., if the assignor before making the deed of assignment shall have made a fraudulent

transfer of his property, the property sold fraudulently transferred vests in the assignee. The assignee holds the property for the benefit of the creditors and as their trustee. If the transfer is void as to the creditors whom he represents, it is void also as to him as their representative. A trustee may always assert the rights of his cestui que trust, and take such steps as are necessary to protect them in a court of equity. Practically the same question we have before us was before the Supreme Court of Louisiana in Succession of Lanaux, 46 La. Ann. 1036, 15 South. 708, 25 L. R. A. 580, and before the United States Supreme Court in Casey v. Cavaroc, 96 U. S. 467, 24 L. Ed. 779, and we concur in the reasoning of those opinions denying a lien to creditors attempted to be created between debtor and creditor by a private arrangement like this. See, also, Grand Avenue Bank v. St. Louis Union Trust Co., 135 Mo. App. 366, 115 S. W. 1074.

It is insisted for the appellants that the bank held the bonds and notes as trustee for the holders of the mortgage certificates, and we are referred to a number of cases in which such trusts have been enforced as between trustee and cestui qui trusts; but it will be seen from an examination of these cases that in none of them were the rights of creditors or purchasers involved. The arrangement here was valid as between the bank and the depositor if the bank had remained solvent, and the rights of other creditors were not involved; but it would entirely defeat the statute to say that a trust of this sort could be enforced against purchasers or creditors. The purpose of the statute was to declare inoperative and void such transactions as to purchasers and creditors.

We therefore conclude that the circuit court properly held that the holders of the mortgage certificates

had no superior lien on the bonds and notes referred to.

Judgment affirmed.