# First National Bank of Lexington, et al. v. Bowman.

(Decided February 11, 1916.)

## Appeal from Fayette Circuit Court.

1. Corporations—Sale of Stock—Rights of Purchaser—Recording Transfer.—A written assignment of corporate stock, though unaccompanied by a transfer on the books of the corporation, to a purchaser for value and without notice of fraud on the part of the seller, is valid as to subsequently attaching creditors.

2. Corporations—Sale of Stock—Rights of Purchaser—Failure to Deliver Possession—Section 1908, Kentucky Statutes.—Section 1908, Kentucky Statutes, declaring a sale of personal property unaccompanied by delivery of possession to be invalid as to bona fide purchasers and creditors, unless the transfer thereof be duly recorded, does not apply to property in the lawful possession of a

third party and which, for that reason, cannot be delivered. Hence, a written sale and assignment of stock, unaccompanied by a delivery of certificates, is not invalid as to creditors where the certificates are pledged to, and in the hands of, third parties to secure certain indebtedness of the seller.

SHELBY, NORTHCUTT & SHELBY and CHAS. KERR for appellants.

FORMAN & FORMAN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Charles P. Rodgers was the owner of fifty-two shares of stock in the Third National Bank of Lexington. This stock was pledged to secure indebtedness which did not equal the market value of the stock. The First National Bank and the Fayette National Bank sued Rodgers on certain indebtedness due them and attached the stock. The actions were consolidated and Mrs. Henrietta P. Bowman intervened and asserted ownership of the stock by purchase made prior to the attachments. On final hearing, her claim was sustained and the banks appeal.

It appears that on August 20, 1910, Rodgers, for an agreed consideration of $7,500.00, purchased from Mrs. Bowman an interest in some lands situated in Mexico. As part payment therefor he transferred and assigned to her his equity in the stock in question, which, after the payment of the debts for which it was pledged, was estimated to be worth $1,315.00, together with a claim for past salary against the American Trading Company amounting to $279.60. At the time of the assignment the stock was in the possession of the pledgees and no transfer thereof was made on the books of the corporation.

We have carefully considered the evidence bearing on the transaction in question and find nothing in the record to justify the conclusion, either that the transaction itself was not *bona fide,* or that the transfer was made by Rodgers for the purpose of defrauding his creditors, and that Mr. Bowman, who acted as agent for his wife, knew of such purpose when the transfer was made.

There being no actual fraud, the rights of the parties depend on whether the transfer itself is valid as to the attaching creditors whose debts accrued prior to the transfer.

The sale of the stock to Mrs. Bowman is attacked on two grounds: (1) No transfer of the stock was made on the books of the corporation; (2) the sale was unaccompanied by a delivery of the certificates or by a record of the transfer, as required by section 1908, Kentucky Statutes.

1. Our statute formerly provided that "transfers of stock shall not be valid, except as between the parties thereto, until the same are entered upon the books of the company," etc. Even while this statute was in force, this court held that a transfer of stock, by a separate writing to a *bona fide* purchaser for value without notice, was valid as to creditors. Thurber v. Crump, 86 Ky., 408. The court based its conclusion on the ground that the statute was enacted for the protection of the corporation and purchasers and not for the protection of the creditors of the stockholders. In discussing the question the court said:

"But the section *supra* does not operate as a registration law in the interest of the creditors of the stockholder, for the reason that the books of the company are not required to be kept open for the inspection of the public. The books are required to be kept open to the stockholders only; outsiders have no right to demand an inspection of the books; therefore the section in question was not intended for the protection of creditors. As to the creditor, the stock of the stockholder is as though the stockholder held it in his pocket on some private individual, in which case a *bona fide* transfer of value is good against the transferrer's creditors. So in the case at bar, the recording of the transfer of stock on the books of the company not being required for the benefit of the stockholder's creditors, but for the benefit of the company and purchasers, the transfer of the stock, without the transfer being entered upon the books of the company, limited the passage of the legal title strictly to the vendor and vendee as between the vendee and the company and a subsequent purchaser for value, without notice of the prior purchase at the time he had his transfer recorded on the books of the company; but as between such purchaser and the creditors of the stockholder, the purchaser acquires a perfect legal title. (New York & New Haven R. R. Co. v. Schuyler, 34 N. Y., 30; Lowell on Transfer of Stock, sections 93, 95, 96.)"

In the case of American Wire Nail Company v. Bayless, etc., 91 Ky., 94, the court adhered to the rule that a transfer upon the company's books is merely to protect the company and others who might propose to purchase the stock. To the same effect is Bushnell v. Hall, 9 R., 684. The present statute on the subject merely provides that the shares of stock shall be transferred on the books of the corporation in such manner as the by-laws thereof may direct, and that every person becoming a stockholder by such transfer shall, in proportion to his shares, succeed to all the rights and liabilities of prior stockholders. ' Section 545, Kentucky Statutes. It will thus be seen that the present statute is not so restrictive of the right of transfer as the former statute. It does not attempt to deal with the validity of assignments between purchasers and creditors. There is certainly no reason, therefore, for departing from the doctrine above announced. It has been adhered to since the enactment of section 545, *supra.* Husband v. Linehan, 168 Ky., 304. Indeed, the prevailing rule in nearly every jurisdiction where the question is not controlled by statute, is that a purchaser of the stock of a corporation for valuable consideration is, in the absence of fraud, protected against subsequent attachment or execution against his vendor, although he failed to have his assignment recorded on the books of the corporation. Frank J. Everitt v. Farmers' & Merchants' Bank of Elm Creek, et al., 117 N. W., 401, 20 L. R. A. (N. S.), 996; Finney's Appeal, 59 Pa., 398; Beckwith v. Burrough, 13 R. I., 294; Baldwin v. Canfield, 26 Minn., 43, 1 N. W., 261; Prince Invest. Co. v. St. Paul & S. C. Land Co., 68 Minn., 121, 70 N. W., 1079; State Ins. Co. v. Gennett, 2 Tenn. Ch., 100; Gilbert v. Manchester Iron Mfg. Co., 11 Wend., 628; Goyer Cold Storage Co. v. Wildberger, 71 Miss., 438, 15 So., 235; Blouin v. Hart, 30 La. Ann., 714; Sargent v. Essex Marine R. Corp., 9 Pick., 202; Lipscomb v. Condon, 56 W. Va., 416, 67 L. R. A., 670, 107 Am. St. Rep., 938, 49 S. E., 392; Mapleton Bank v. Standrod, 8 Idaho, 740, 67 L. R. A., 656, 71 Pac., 119. As Mrs. Bowman purchased the stock for value and without notice of any fraudulent intention on the part of the vendor prior to the attachment in question, we conclude that her claim to the stock is prior to that of the attaching creditors, although the stock was not transferred on the books of the corporation.

2. But it is insisted that the sale is invalid because the certificates of stock were not delivered to Mrs. Bowman. While it is true that in interpreting section 1908, Kentucky Statutes, we have held that an absolute sale of personal property is fraudulent *per se* as to purchasers from and creditors of the seller, unless the possession of the property accompanies and follows the title—Vanmeter v. Estill, 78 Ky., 456—yet this conclusion is based on the theory that the seller himself retains possession of the property and thereby enjoys a delusive credit. For that reason it is also held that the statute does not apply where the property which is the subject of the transfer is in the lawful possession of a third party, and, by reason thereof, the seller is unable to deliver possession. Bourbon Bank v. Porter's Executors, 22 R., 432, 57 S. W., 609; H. A. Thierman Co. v. Laupheimer, 21 R., 1631; Kenton v. Ratcliffe, 105 Ky., 376; Kentucky Refining Co. v. Globe Refining Co., 104 Ky., 559; Frankfort Chair Co. v. Buchanan, 21 R., 269, 51 S. W., 179. Here the certificates of stock were pledged to third parties to secure certain indebtedness of the seller, and were in possession of the pledgees. That being true, the sale was not invalid because the certificates of stock were not delivered to the purchaser. The case of Burnes v. Daviess County Bank & Trust Company, 135 Ky., 358, 122 S. W., 182, does not announce a contrary doctrine. There the notes which the bank attempted to pledge to secure certain depositors were not delivered to the depositors, nor were they in possession of the third party. On the contrary, the bank itself retained possession of the notes, and because of this fact the pledge was held invalid as to the creditors.

Judgment affirmed.