## Bitner v. Pfaltzgraff.

*Practice, C. P.—Pleading—Statement of claim—Written contract varied by parol evidence—Erroneous date in statement.*

1. Where an action is based upon a written instrument alleged to have been modified by a parol contemporaneous agreement, it is proper and necessary for the plaintiff to set out in his statement of claim not only the written portion of the stipulation, but also the verbal variations of the same, agreed to by both parties, and all the subsequent facts on which plaintiff's claim is based.

2. An allegation in a statement of claim that the contract was executed on a different date from that set forth in the instrument is not a fatal objection to the form of the statement.

3. In such case, the erroneous date may be corrected by evidence, and it is, therefore, proper to set forth the facts as it is intended to prove them at the trial.

Motion to strike off plaintiff's statement. C. P. York Co., Oct. T., 1922, No. 33.

*McLean Stock*, for plaintiff; *John A. Hoober*, for defendant.

WANNER, P. J., Feb. 25, 1924.—This is a motion to strike off plaintiff's statement because it contains material allegations of fact, varying the terms of the written contract which is set forth in said statement.

This raises a question as to the admissibility of such evidence at the trial of the case, rather than as to the formal sufficiency of the statement itself. After alleging the execution of the written contract, the statement avers that certain verbal stipulations were made contemporaneous with, and as an inducement to, the making of the written contract. It then avers a breach of the contract by the defendant, and the rescission of the same by the plaintiff, and adds the amount of the plaintiff's resulting claim for damages.

The alleged verbal qualifications of the writing make the entire contract sued upon a parol contract. It was, therefore, proper and necessary for the plaintiff to set out in his statement not only the written portion of the stipulations between the parties, but also the verbal variations of the same, agreed to by both parties, and all the subsequent material facts on which the plaintiff's claim is based.

Whether such facts can be established, and whether there was or was not a mutual waiver of the conditions in the written contract against verbal changes of its terms, are questions for determination at the trial of the case.

The allegations that the contract was executed on a different date from that set forth in the instrument is not a fatal objection to the form of the statement. An erroneous date may be corrected by evidence, and it was, therefore, proper to set forth the fact as it was intended to be proven at the trial: Finney's Appeal, 59 Pa. 398; Parke v. Neeley, 90 Pa. 52.

We find no such infringement of the rules of the Practice Act of 1915 in the structure of this statement as requires that it should be stricken off. There is no other question before the court for decision at present.

And now, to wit, Feb. 25, 1924, the motion to strike off the plaintiff's statement is overruled and refused.

From Richard E. Cochran, York, Pa.