CASE 47—ACTION FOR DAMAGES FOR LEVY OF AN EXECUTION—JANUARY 19, 1899.

## Kenton v. Ratcliffe, Etc.

APPEAL FROM NICHOLAS CIRCUIT COURT.

1. SALES OF PERSONALTY—POSSESSION.—A sale of tobacco, which is not in a condition to deliver is not void as to creditors, although possession does not accompany the sale; and the tobacco is not then subject to levy under execution for the vendor's debts.

2. SAME—STATUTE NOT APPLICABLE TO EXECUTION SALES.—Section

1908, Kentucky Statutes, providing that sales of personalty without delivery shall be void as to purchasers without notice or creditors, has no application to execution sales.

W. P. ROSS & SON, J. I. WILLIAMSON AND JOHN P. NORVELL FOR APPELLANT.

At the time the tobacco was levied on, Kenton was the owner of it. Tiedeman on Sales, sec. 87; Sweeney v. Owsley, 14 B. M., 332; Newcomb, Buchanan, &c., v. Cabell, 10 Bush, 462; Allen, &c. v. Feland, 10 B. M., 306; Com., &c., v. Stockton, 5 T. B. M., 192; Tiedeman on Sales, sec. 84; Cummins v. Griggs, &c., 2 Duv., 87.

HANSON KENNEDY   FOR THE APPELLEES.   (B. H. ROBINSON OF COUNSEL.)

1   The title to the tobacco did not pass to Kenton at the time of the contract of December, 1894.

2. If the title did pass, the sale was void as to the creditors, possession not accompanying the sale.

Citations:   Benjamin on Sales, secs. 358, 359; Chitty on Contracts, p. 375; Wells v. Maley, 6 Ky. Law Rep., 77; Ky. Stats., secs. 1908, 1709.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

This action was brought by appellant against appellee, as sheriff of Nicholas county, alleging that appellee, by his deputy, had wrongfully seized and destroyed about 8,000 pounds of tobacco, under an execution against W. T. Rogers. The answer presents a general denial of each and all the allegations, both as to the ownership of appellant, the wrongful seizure, or the destruction. Upon trial the court, at the close of appellant's evidence, gave a peremptory instruction to the jury to find for defendant, and verdict and judgment were rendered accordingly; and, after motion for a new trial had been overruled, this appeal is prosecuted. The proof of appellant and of W. T. Rogers shows that this tobacco was raised by Rogers on the farm on which he lived, and in December or January

there being about 4,500 pounds of the tobacco stripped, and estimated 12,000 pounds in all, Rogers and appellant agreed that appellant was to pay off a debt on which he was surety, and to cancel a debt due by Rogers to appellant of $150, the two sums being, as they calculated, $600 and appellant was to have the tobacco. The tobacco was to be stripped by Rogers, and delivered at appellant's warehouse, but appellant was to assist in the hauling. Appellant offered to prove that the tobacco was, at the time of this bargain, not in such condition as that it could be moved, and actual posession given. The court, after proper avowal, declined to permit the proof. The tobacco remained in the barns of Rogers' place, and while there, was levied on by the deputy sheriff, under an execution for about $75. This levy was subject to a mortgage of appellant for $441. The tobacco seems never to have been sold, for one reason or another, and actually went to waste, or, at least, a great part of it. The material inquiry in this case is: Do the facts, as testified to by appellant and Rogers, which are undisputed, constitute a sale of the tobacco to appellant, so as to pass title thereto? Another question presented is the action of the court in refusing to permit the appellant to account for the nondelivery, by reason of the condition of the tobacco.

Section 1908, Ky. Statutes, provides: "Every voluntary alienation or charge upon personal property, unless the actual possession in good faith accompanies the same, shall be void as to purchasers without notice, or any creditor, prior to the lodging for record of such transfer or charge in the office of the county court for the county where the alienor or person creating the charge resides." This statute, this court has held, did not apply to sales of property under execution, or to property that was exempt to the

debtor. In the case of Brummel v. Stockton, 3 Dana, 135, it is said: "That whenever the title absolutely passes by a contract between the owner and the purchaser, the possession of the thing sold, if it be movable property, *and then susceptible of delivery*, must go with the title."

In the case of Robbins v. Oldham, 1 Duv., 28 the above was quoted with approval, and held to apply to a sale of tobacco in August, then growing, the seller to cultivate it, and deliver it by March following. The court held that the sale was not fraudulent, but passed the title as against an execution creditor. This same doctrine was followed by this court in the case of Cummins v. Griggs & Hays, 2 Duv., 87, [87 Am. Dec., 482]. In the latter case the tobacco was bought August 20, 1863, and was paid for on that day, but was to be cut when matured, and to be matured by the seller and delivered. The tobacco was levied on 13 days after the sale under an execution. This court upheld the sale as against the execution creditor, for the reason that it could not be delivered when sold. The doctrine of these cases was recognized in the case of Morton v. Ragan, 5 Bush, 334. Upon the authority of these cases, we are of opinion that the court erred in refusing to permit appellant to prove that the tobacco could not be delivered at the time of the contract of sale. We are also of opinion that, as between the parties, the proof of appellant and Rogers shows there was a complete sale of the tobacco (Hopkins v. Combs, 19 Ky. L. R., 1165; Burke v. Shannon, 19 Ky. L. R., 1171). If it could not be delivered to appellant by reason of its condition without serious loss this sale would not be void as to creditors.

These questions of fact should have been submitted to the jury upon proper instruction from the court.

For the error in excluding the evidence referred to above

and in giving the peremptory instruction, the judgment is reversed and cause remanded for new trial and for proceedings consistent herewith.