### In re BLAIR et al.

#### (District Court, S. D. New York.   June 25, 1900.)

1. BANKRUPTCY—PREFERENCES—RECOVERY BY TRUSTEE.

Money collected on execution and received by the creditor before the filing of a petition in bankruptcy against the debtor, but within four months prior thereto, although it constitutes a preference, within Bankr. Act 1898, § 60a, cannot be recovered back by the trustee, under section 60b, unless it is shown that the creditor had reasonable cause to believe that a preference was intended.

2. SAME—JURISDICTION OF BANKRUPTCY COURTS.

Under Bankr. Act 1898, where a judgment was collected by execution, and the money paid over to the judgment creditor before the filing of a petition in bankruptcy against the judgment debtor, although within four months prior thereto, the court of bankruptcy has no power, in a summary proceeding on petition of the trustee, to compel the creditor to repay the money, but the remedy of the trustee is by plenary action in a court of competent jurisdiction.

In Bankruptcy.   On motion to compel creditor to repay to the trustee money collected on execution, and received by the creditor,

through an attachment and judgment, within four months prior to the filing of the petition in bankruptcy.

Hayes & Bitterman, for the motion.
Zeller & Miehling, opposed.

BROWN, District Judge. Although the collection by execution and payment to the creditor constituted a "preference" (Bankr. Act, § 60a), yet, as the money was received by the creditor before the petition in bankruptcy was filed, the transaction thereby became consummated, thus differing from In re Kenney, 3 Am. Bankr. R. 353, 97 Fed. 554. If the preference was received by the creditor, without reasonable cause to believe a preference was intended (Bankr. Act, § 60b), it seems not to be recoverable back by the trustee. Here the petition does not charge that the creditors had reasonable cause to believe the bankrupts to be insolvent; but only the fact of their insolvency at that time, which the creditors in their answer deny, and also deny all knowledge of that fact, if true.

Under the recent decision of the supreme court, I am of opinion that this transaction being completely executed by the payment of the money by the sheriff before the petition was filed, the remedy of the trustee is by plenary action alone in the state court. See Hicks v. Knost, 2 Am. Bankr. R. 153, 94 Fed. 625; In re Knost, 2 Am. Bankr. R. 475; Strobel & Wilkin Co. v. Knost, 3 Am. Bankr. R. 631, 99 Fed. 409.

Motion denied.