(69 App. Div. 33.)

LEVOR v. SEITER et al.

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

BANKRUPTCY—JUDGMENT AGAINST BANKRUPT—VALIDITY—PREFERENCES.

Bankr. Act, § 67f, provides that all levies, judgments, or other liens obtained against an insolvent within four months prior to the filing of a petition in bankruptcy shall be void if the debtor is adjudged a bankrupt. A judgment was rendered against an insolvent within four months before the filing of a petition in bankruptcy, and the money collected on execution, and paid to the creditor before the filing thereof. Held, that the assignee in bankruptcy was not authorized, by section 67f, to collect the sum paid the creditor on the debt, though the judgment, if uncollected, would have been invalid.

Appeal from special term, New York county.

Action by Harry Levor, as trustee in bankruptcy of Adolphus Blair and others, against Henry W. Seiter and another. From a judgment of the special term of the supreme court in favor of the plaintiff (69 N. Y. Supp. 987), the defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTER-SON, INGRAHAM, and LAUGHLIN, JJ.

Edward Miehling, for appellants.

Samuel Bitterman, for respondent.

PATTERSON, J. The material facts upon which the judgment in this case was rendered are the following: The defendant on the 5th day of October, 1899, recovered a judgment against Adolphus Blair, Alma C. Stem, William R. Passano, and Harry B. Rosston, doing business as the Anglaise Americaine Soap Company, for the sum of $2,097.67, and an execution was issued on that judgment to the sheriff of the county of New York, who levied upon and sold property of the judgment debtors, realizing therefrom $517, which amount was paid by the sheriff to the judgment creditors. On the 20th of November, 1899, a petition was presented to the district court of the United States for the Southern district of New York (99 Fed. 76), praying that Adolphus Blair and his associates, doing business as above mentioned, be adjudicated involuntary bankrupts, and on the 22d of March, 1900, those persons were duly adjudicated bankrupts. On the 21st of May, 1900, the plaintiff was appointed trustee of all the assets and effects of such bankrupts, and duly qualified as such trustee. Thereafter he began this action to recover from the defendants the sum of $517, which had been paid to them by the sheriff, as aforementioned.

The plaintiff places his right of recovery in this action primarily upon the provisions of section 67f of the national bankruptcy law, by which it is provided that:

"All levies, judgments, attachments or other liens obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall on due notice order that the right under such levy, judgment, attachment or other lien shall be preserved for the benefit of the estate, and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid, and the court may order such evidence as shall be necessary to carry the purpose of this section into effect, provided that nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment or other lien of a bona fide purchaser for value who shall have acquired the same without notice or reasonable cause for inquiry."

The trial court regarded the plaintiff's cause of action as falling within the provisions of the section quoted, and we concur in the view that, if the plaintiff is entitled to recover at all, it must be under that section. The allegations of the complaint may be sufficient as setting forth a cause of action under section 60 of the bankruptcy law, but the proof failed to disclose the existence of an element necessary to the maintenance of an action under that section, namely, that the defendants had reasonable cause to believe that their debtors, by suffering a judgment to be taken against them, intended to give a preference to the defendants. The learned trial

judge decided that Blair and his copartners committed an act of bankruptcy by suffering and permitting the judgment creditors to obtain a preference through legal proceedings taken within four months from the filing of the petition in bankruptcy, but he did not find that those judgment creditors had reason to believe that it was intended that a preference should be given them.

The appellant argues that the judgment should be reversed for the insufficiency of proof of insolvency of the judgment debtors within four months of the filing of the petition in bankruptcy. The only evidence on that subject was the adjudication of the United States court. We do not consider it necessary to pass upon the question of the sufficiency of the proof of insolvency, in view of the operation and effect of section 67f of the bankruptcy law, as we construe it. That section specifically provides for the nullification of existing liens, and for the right of the trustee in bankruptcy to receive the property of bankrupts discharged from those liens, unless, for special reasons beneficial to the bankrupt's estate, the bankruptcy court may order their preservation.

While proceedings are pending for the enforcement of a lien created by judgment or otherwise, and before the lien is in fact satisfied by the lienor receiving the amount thereof, doubtless the trustee in bankruptcy has the right to avoid the lien, or to follow the proceeds of the sale of the property to which the lien attached until they are actually paid over to the lienor. Such has been the interpretation put upon this section by the bankruptcy court in Re Kenney, 2 Am. Bankr. R. 494, 95 Fed. 427. Until the avails of sale actually reach the possession of the judgment creditor, the proceeding to enforce the judgment may still be regarded as incomplete; but, when the proceeds are paid over, the lien of a judgment is in fact satisfied, in this case pro tanto. In Re Kenney, supra, the sheriff had sold property under a judgment, and the proceeds remained in his hands. He was enjoined by the United States district court from paying them over, it being held that they stood in the place of the property of the bankrupt, and that the title to them was in the trustee in bankruptcy, and not in the judgment creditor or the sheriff. Subsequently, in Re Blair, 4 Am. Bankr. R. 220, 102 Fed. 987, the same learned judge who decided the Kenney Case held that where money had been collected on an execution and received by the creditor through an attachment and judgment within four months prior to the filing of the petition in bankruptcy, and it was not shown that a preference was received by the creditor with reasonable cause to believe the bankrupt to be insolvent, it was not recoverable back by the trustee, and that, the transaction being one executed by the payment of the money to the sheriff before the petition was filed, the remedy of the trustee would be in an action in the state court; and he remarked that, if the amount were received by the creditor without reasonable cause to believe a preference was intended, it seems not to be recoverable back by the trustee.

It is not shown in the case at bar that the sheriff paid the money over to the judgment creditors after the petition in bankruptcy

was filed. We have, therefore, a case which, in our opinion, does not fall within section 67f of the bankruptcy law, and in which a recovery cannot be had under section 60, because of the failure to prove one of the requirements of that section.

It follows that the judgment must be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.