## In re KNICKERBOCKER.

### (District Court, W. D. New York. April 22, 1903.)

### No. 17.

1. BANKRUPTCY—PREFERENCE—SATISFIED EXECUTION—SUMMARY PROCEEDINGS
—PROPRIETY.

Bankr. Act July 1, 1898, c. 541, § 67f, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450], invalidates all judgments, levies, attachments, or other liens obtained against an insolvent within four months of filing a petition in bankruptcy, and the property affected passes to the trustee. By section 60, subds. "a," "b," 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], a preference is given by suffering a judgment against the person of an insolvent within the specified four months, and such preference is recoverable by the trustee if the creditor had reasonable cause to believe one was intended. Section 23b, as amended by Act Feb. 5, 1903, c. 487, § 8, 32 Stat. 798, authorizes suits by a trustee only in the courts in which the bankrupt could have sued, had no bankruptcy proceedings been had, unless by consent of defendant, except suits to recover property under section 60b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], etc. *Held*, that a creditor's title to the proceeds of an execution issued against the bankrupt within four months of filing the petition, which have been paid over to the creditor by the sheriff, cannot be summarily attacked by an order to show cause issued by the referee, since it has become adverse to the bankrupt's estate, but the trustee must bring an independent suit, of which, however, the bankruptcy court will have jurisdiction concurrently with the state courts; and the fact that the proceeds of the execution were insufficient to satisfy the judgment, so as to leave the creditor still creditor in some degree, will not alter the case.

In Bankruptcy.

Herendeen & Mandeville (E. G. Herendeen, of counsel), for trustee. H. M. Clarke, for respondents.

HAZEL, District Judge. The trustee in bankruptcy claims to be entitled to receive from certain judgment creditors of the bankrupt the sum of $1,652.74, the proceeds of an execution issued upon a judgment against the bankrupt within four months prior to the filing of the petition upon which the adjudication of bankruptcy was made. By virtue of the execution, the property of the bankrupt was levied upon and sold by the sheriff, and the proceeds paid over to the judgment creditors, leaving a balance unpaid upon the judgment. The referee in bankruptcy, at the instance of the trustee, upon the foregoing facts, issued an order to show cause, returnable before him at a future day, why the proceeds of the sale should not be paid over to the trustee. On the return day of the rule to show cause, the judgment creditors appeared specially and questioned the jurisdiction of the court on the ground that the referee had not jurisdiction of the subject-matter, nor the power to require by summary process the payment of the proceeds which prior to the filing of the petition had been paid over by the sheriff to the respondents. At a later hearing before the referee a demurrer to the claim of the trustee was filed on the ground that, assuming the facts set forth in the statement to be true, it appeared that the respondents held the money adversely, and, furthermore, that the property to which the trustee asserted the claim had never come

into the possession of the bankruptcy court. An answer was also filed to the claim of the trustee, by which it was alleged that the property, the subject of the execution sale, was not the property of the bankrupt, but was owned by a codefendant of the bankrupt in an action in which the judgment was recovered. The referee overruled the demurrer; deciding that the respondents were properly parties to the bankruptcy proceeding, and that the asserted adverse claim is not adverse to the bankrupt, within the decisions construing section 23 of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]), but is only adverse to the claim made by the trustee, and therefore the bankruptcy court has jurisdiction to hear and determine the questions arising upon the claim of the trustee to the proceeds of the execution sale. The case is now before me upon a certificate of the referee, who submits the following questions for my decision:

"First. Whether the court of bankruptcy * * * has jurisdiction of proceedings, at the instance of the trustee of said bankrupt, for the recovery from a creditor of said bankrupt of moneys alleged to have been received by such creditor as a void or voidable preference, or upon a judgment and lien against the property of said bankrupt made void by the adjudication of bankruptcy herein.

"Second. Whether the court of bankruptcy * * * has jurisdiction of such a creditor without the creditor consenting thereto."

The right of the bankruptcy court to restrain a sheriff from paying money collected on an execution issued against the property of the bankrupt, and invalidated by the bankruptcy proceedings, to a judgment creditor, and to require such sheriff to pay the proceeds of the sale on execution issued against the property of the bankrupt to a trustee of the bankrupt estate, while those proceeds still remain in his custody, is now firmly established by the recent decision of the Supreme Court in Clarke v. Larremore, Trustee, etc. (decided February 23, 1903) 23 Sup. Ct. 363, 47 L. Ed. ——, affirming In re Kenney (D. C.) 97 Fed. 555. It seems, however, to be still an open question whether a trustee in bankruptcy may recover from a judgment creditor the proceeds of a levy and sale on execution, voided by bankruptcy proceedings, where the writ of execution has been fully executed by payment to the judgment creditor. At the end of the opinion in the case of Clarke v. Larremore, the Supreme Court mooted a case such as this, and said:

"A different question might have arisen if the writ had been fully executed by payment to the execution creditor. Whether the bankruptcy proceedings would then so far affect the judgment and execution, and that which was done under them, as to justify a recovery by the trustee in bankruptcy from the execution creditor, is a question not before us, and may depend upon many other considerations."

The precise question was, however, considered in Re Blair (D. C.) 102 Fed. 987. Judge Brown was of the opinion that, as the transaction was completely executed by the payment of the money by the sheriff before the petition was filed, the remedy of the trustee was by plenary action. Persons in possession of property claimed by the bankrupt, or by his trustee, who is vested by operation of law with the title of the bankrupt, and who claim an actual adverse right

thereto, cannot be deprived of the right to litigate a disputed right to possession or ownership of property in a plenary suit. Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413; Jaquith v. Rowley (Feb. 23, 1903) 23 Sup. Ct. 369, 47 L. Ed. ——. When, however, such property is merely held in the capacity of agent or bailee, the person holding it has no adverse claim thereto. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405. In such case the referee has jurisdiction by summary procedure to compel the delivery to the trustee of property belonging to the bankrupt estate, and withheld from his possession and control. In the case at bar the property, the possession of which is sought for the trustee by summary process, is in the actual possession of the respondents, who have asserted an adverse claim thereto, and hold the same by a fully executed legal process of an independent tribunal. The referee, however, still has the power by summary procedure to ascertain the status of the parties, either upon the undisputed facts disclosed by the papers presented to him, or upon examination of witnesses. The referee is empowered to discover the bona fides of the asserted adverse claim, and necessarily is clothed by implication with authority to determine promptly or by summary procedure whether the asserted claim is adverse to that of the trustee. Should it appear that the claim is fictitious or colorable, this court will retain jurisdiction, for, in theory, the property is then constructively in the possession of the bankruptcy court. Such is the holding of the cases. In re Tune (D. C.) 115 Fed. 906; In re Michie, 8 Am. Bankr. Rep. 734, 116 Fed. 749. On the other hand, if, in the exercise of sound judicial discretion, the referee is satisfied that the asserted adverse holding of the third party is in good faith, and without intent to thwart or obstruct a just and equitable distribution of the bankrupt estate among the creditors, the moving party must be relegated for his remedy to an action, and is not entitled to summary relief from this court. It is quite true that by section 67f, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450], all judgments, liens, levies, and other liens are invalidated by adjudication in bankruptcy, and the property affected by them passes to the trustee; but where the proceeds of an execution sale have actually been paid to the judgment creditor—in other words, where the transaction is completely executed—the execution creditor ceases to be a lienor, but has title to the proceeds of his execution. This title may or may not be defeasible, as may be disclosed by an action brought to recover these proceeds under section 23b, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]. The remedy of the trustee is dependent upon the construction given by the decisions to section 60, subds. "a," "b," of the bankrupt act (30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]). By that section a preference is given by procuring or suffering a judgment against a person within four months before the filing of the petition, where such person is insolvent, and such preference is recoverable by the trustee where the creditor receiving the same has reasonable cause to believe a preference was intended. In re Eggert, 43 C. C. A. 1, 102 Fed. 735; Levor, Trustee, etc., v. Seiter et al., 69 App. Div. 33, 74 N. Y. Supp. 499. In the case at bar, the undisputed facts, as set forth, show the possession of the

respondents, and a claim which must be considered adverse to that of the bankrupt or his trustee. Under such circumstances, the bankruptcy court has no power by summary process to compel the payment of the money realized on execution sale to the trustee in bankruptcy.

The referee was of the opinion that, as the judgment was not satisfied in full by the money realized on the execution sale, the respondents were creditors of the bankrupt, and that jurisdiction may therefore be exercised over this controversy. This contention is without merit. The respondents are not now before this court in the capacity of creditors. They are not seeking to prove a claim, and no order has been made directing a surrender of a preference as a condition of its allowance. The questions submitted must, in the light of the amended act, be answered in the affirmative. The remedy of the trustee, however, must be sought in a plenary suit brought under the provisions of section 23(b), as amended (Act Feb. 5, 1903, c. 487, § 8; 32 Stat. 798), either in this court, or the proper state tribunal, at his election.