(48 Misc. Rep. 333)

## STARBUCK v. GEBO.

### (Saratoga County Court. September, 1905.)

1. BANKRUPTCY—PREFERENCES—COLLECTION UNDER EXECUTION.

Under Bankr. Act July 1, 1898, c. 541, 30 Stat. 565, § 67f [U. S. Comp. St. 1901, p. 3450], providing for the nullification of existing liens against the bankrupt's estate created within four months preceding the bankruptcy, money collected on execution issued on a judgment obtained against the insolvent within the four months before his adjudication, and paid over to the judgment creditor before the filing of the petition in bankruptcy, cannot be recovered by the trustee.

2. SAME—KNOWLEDGE OF CREDITOR.

Though a payment to an execution creditor, made within four months of proceedings in bankruptcy, constitutes a preference under Bankr. Act July 1, 1898, the trustee of a bankrupt cannot recover the same under section 60b (30 Stat. 562, c. 541 [U. S. Comp. St. 1901, p. 3445]) of said act without evidence that the creditor had reasonable cause to believe that a preference was intended.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, §§ 256, 257.]

3. SAME—EVIDENCE.

Under Code Civ. Proc. § 3063, where the trustee in bankruptcy sues in justice's court to recover a preference, and neither alleges nor proves that defendant had reasonable cause to believe the preference was intended, the judgment in his favor is erroneous, and will be reversed, and a new trial ordered, to enable plaintiff to supply defects in proof.

Appeal from Justice Court.

Action by Frank M. Starbuck, trustee in bankruptcy of De Garmo & Starks, against Albert N. Gebo. From a judgment for plaintiff before a justice, defendant appeals. Reversed.

A. & L. Armstrong, for appellant.

James H. Bain, for respondent.

ROCKWOOD, J. On July 29, 1903, Albert N. Gebo, the defendant here, instituted an action in Justice's Court against Grace De Garmo and Sarah J. S. Starks, composing the firm of De Garmo & Starks, and recovered a judgment for $81.48, damages and costs. Execution was issued on the same day to a constable, who levied upon the stock of goods of the defendants, De Garmo & Starks, and realized therefrom the sum of $63.33, which money was paid over to the judgment creditor.

On August 11, 1903, De Garmo & Starks verified a voluntary petition in bankruptcy, which was thereafter filed on August 15, 1903, and on August 17, 1903, De Garmo & Starks were adjudicated bankrupts by the United States District Court for the Northern District of New York. Thereafter the plaintiff in this action, Frank M. Starbuck, was appointed trustee in said bankruptcy, and qualified as trustee by giving the bond required on November 30, 1903.

The trustee in bankruptcy, soon after his qualification, caused to be served upon the defendant, Albert N. Gebo, the following notice:

"Please take notice, that I demand that you refund to me, as the trustee of the estate of said bankrupts (De Garmo & Starks), the stock of groceries and the other property which you sold on execution against said bankrupts

within four months of the adjudication of said De Garmo & Starks bankrupts; and in case you are unable to refund the same, then that you turn over to me the actual value of said property in cash. If this demand is not complied with prior to December 8, 1903, suit will be brought to recover the same.

"Dated December 4, 1903.

"[Signed] Frank W. Starbuck,
"Trustee of the Estate of De Garmo & Starks, Bankrupts."

This notice not being complied with, the trustee brought this action before a justice of the peace to recover the moneys realized by the defendant upon his execution sale, and judgment was demanded for the sum of $100 besides costs. Issue being joined by a general denial, trial was had before the justice and a jury, resulting in a verdict for the plaintiff of $63 damages and $5.87 costs, in all the sum of $68.87, from which judgment the defendant, Gebo, has appealed.

If the judgment can be sustained at all, it must be under one of two sections of the national bankruptcy law.

Section 60, subd. "b," provides:

"If a bankrupt shall have given a preference * * * and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person. And, for the purpose of such recovery, a court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction." Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445].

Section 67, subd. "f," provides:

"That all levies, judgments, attachments or other liens obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment or other lien shall be preserved for the benefit of the estate, and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid. And the court may order such conveyance as shall be necessary to carry the purposes of this section into effect: Provided, that nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment or other lien of a bona fide purchaser for value who shall have acquired the same without notice or reasonable cause for inquiry." Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450].

Both of these sections have been the subject of much judicial construction; the latest decision directly in point here being that of Levor v. Seiter, 69 App. Div. 33, 74 N. Y. Supp. 499. It was there held in substance that, in order to enable a trustee in bankruptcy to recover moneys paid upon a voidable preference made within four months prior to the adjudication in bankruptcy, it must be shown affirmatively that the judgment creditors had reason to believe that the bankrupt suffered the judgment to be entered with intent to give them a preference; also, that section 67f provides specially for the nullification of existing liens, and that, where the proceeds of the sale of

property to which the liens attached have been actually paid over to the lienor, section 60 of the bankruptcy law applies.

In the case at bar there is undisputed proof that De Garmo & Starks were insolvent on July 29, 1903, the date of the recovery of the judgment against them by Gebo. There is no proof, however, that the financial condition of De Garmo & Starks was known to Gebo, or that he had any reason to believe that he was permitted to recover his judgment and sell the property in order to give him a preference. In fact, the action does not seem to have been framed or tried to bring it within the purview of section 60b. The complaint fails to contain an averment that Gebo had reasonable cause to believe that it was intended by the recovery of his judgment to give him a preference, nor was there the slightest proof tending in that direction adduced before the justice and the jury. Reliance seems to have been placed entirely upon the provisions of section 67f of the bankruptcy law, and the evident belief that the mere fact of the recovery of moneys from a bankrupt, by a creditor, within the four months' period was sufficient to authorize the trustee to avoid the transfer and recover the moneys back in a suit at law. This is not in line with recent decisions, and the whole record here is barren of proof upon which the plaintiff's recovery can be sustained. If it could be successfully contended that the constable did not in fact pay the moneys over to Gebo until after the adjudication in bankruptcy, a different question would be presented. It is evident, however, from the schedules in bankruptcy filed by De Garmo & Starks, aside from any other inferential proof given by the constable and the attorney for Gebo, that the property was sold upon execution and the moneys paid over to Gebo prior to the adjudication in bankruptcy. The schedules contained this averment:

"Albert N. Gebo, South Glens Falls, N. Y., goods sold April–May, 1903. In judgment, rendered by H. C. Reynold, justice of the peace of the town of Moreau, N. Y., July 29, 1903, for $81.48. Balance now due, $18.15."

The constable testified that the sale left a balance due of between $16 and $17 without the costs, and the attorney for Gebo corroborated this. Thus upon the plaintiff's own showing the money realized from the execution sale had been paid over prior to the adjudication in bankruptcy. Following the Levor Case, supra, and kindred decisions, this fact satisfied the previously existing lien of the judgment, and the preference could only be avoided by the trustee, and the moneys recovered, provided the case was one falling within section 60b. In order to sustain a recovery under section 60b of the national bankruptcy law, there must be affirmative proof that the person receiving the preference "had reasonable cause to believe that it was intended thereby to give a preference." Such reasonable cause must not be a guess or a mere suspicion of insolvency, but must consist of such facts as would put an ordinarily prudent man upon inquiry. The record here fails to disclose any such facts. Preferences obtained in the manner followed in the case at bar are not absolutely void, but are voidable at the suit of a trustee in actions brought within the statute. These views are expressed in the following decisions: In re Philip Jacobs, 1 Am. Bankr. Rep. 518; In re Louis A. Eggert, 3 Am. Bankr. Rep. 541, 98 Fed. 843; Id., 4 Am. Bankr. Rep. 449, 102 Fed. 735; Crittenden v.

Barton, 5 Am. Bankr. Rep. 775, 69 N. Y. Supp. 559; Hackney v. Raymond Bros. Clarke Co., 10 Am. Bankr. Rep. 213, 94 N. W. 822; Keith, Trustee, v. Gettysburg National Bank, 10 Am. Bankr. Rep. 762; In re Goodhile, 12 Am. Bankr. Rep. 374, 130 Fed. 471; Western v. Franciscus, 13 Am. Bankr. Rep. 326, 133 Fed. 900; Upson v. Mt. Morris Bank, 103 App. Div. 367, 92 N. Y. Supp. 1101, 14 Am. Bankr. Rep. 6.

The law presumes that the payments made by the bankrupt were legal, and the burden of proof is on the trustee to overcome this presumption. Keith, Trustee, v. Gettysburg National Bank, supra. The trustee has not met the burden of proof imposed upon him in this action by failing to aver that the defendant Gebo had reasonable cause to believe that a preference was intended, and by further failing to prove such facts upon the trial of the action. If such proof had been offered, even without the necessary averment in the complaint, the judgment might be sustained in view of the very liberal practice indulged to sustain the judgments of Justices' Courts. There is here, however, a failure both of averment and proof, and the judgment is clearly contrary to the evidence.

It may be that a new trial would enable the plaintiff to supply the defects in his proof, for which reason and pursuant to the provisions of section 3063, Code Civ. Proc., the judgment is reversed, and a new trial of the issues herein is directed to be had before William A. Wood, Esq., justice of the peace of the town of Moreau, Saratoga county, at his office in the village of South Glens Falls, N. Y., on the 12th day of September, 1905, at 10 o'clock a. m., of that day, and to be continued at such adjourned times as said justice may lawfully direct, with $10 costs and disbursements to the appellant.

Judgment reversed, and new trial ordered, with $10 costs and disbursements to appellant.