### In re BAILEY.

(District Court, D. Oregon. February 19, 1906.)

No. 741.

BANKRUPTCY—LIENS OBTAINED THROUGH LEGAL PROCEEDINGS—PROPERTY SOLD UNDER EXECUTION.

Bankr. Act July 1, 1898, c. 541, § 67f, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449], providing that all levies, judgments, attachments, or other liens obtained through legal proceedings against an insolvent within four months prior to his bankruptcy shall be deemed null and void, and the property affected shall be discharged from the lien and shall pass to the trustee, does not apply to a case where a sheriff has sold property under an execution, delivered it to the purchaser, and collected and paid over the proceeds to the judgment creditor before the institution of the bankruptcy proceedings, and the trustee cannot maintain summary proceedings in the bankruptcy court to compel the creditor to turn over the property or its proceeds; the only remedy open to him being a plenary suit to recover the proceeds as a voidable preference under section 60b (30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]).

In Bankruptcy. Proceeding to punish for contempt for disobedience of referee's order to surrender property or money.

In May, 1900, William Kerron obtained a judgment against J. W. Bailey, the bankrupt in this proceeding, for the sum of $337, and attorney's fees and costs. Thereafter execution was issued and levied on certain property of the bankrupt, which was, on August 1, 1903, sold by the sheriff; Kerron becoming the purchaser at $465.50. By petition of certain creditors, filed August 21, 1903, and the admission of Bailey, filed on the 29th, he was, on the latter date, duly adjudged a bankrupt. O. G. Savage having been appointed trustee, he, some time in November, served on Kerron a demand in writing for the property so sold, and also for the said sum of $465.50 bid therefor, which, on being refused, he applied to the referee, on December 16, 1903, for an order requiring Kerron to appear and show cause why he should not be required to deliver such property and money to the trustee. Such order being granted, Kerron appeared specially, on December 26th, the day fixed therefor; but, failing to make further defense, the referee ordered and directed him to deliver and pay to the trustee the property and money described and mentioned, within 10 days thereafter. On April 16, 1904, it was further made to appear to the referee that Kerron had failed to comply with such order, and, no cause being shown why he was unable to obey the same, the contempt of Kerron was entered, which record is certified to the court for further adjudication. Kerron, by his affidavit filed here, shows further that, since the purchase of the property by him at sheriff's sale, and before the bankrupt was so adjudged, he disposed of all of it except one United States cream separator, which is now in his possession; that at the time of sale he had no knowledge or belief that Bailey would be adjudged a bankrupt; and that all the proceeds of the sale were turned over to him by the sheriff before the petition in bankruptcy was filed. Wherefore he prays that he be relieved of the contempt.

L. H. McMahan, for trustee.
Geo. S. Shepherd, for defendant William Kerron.

WOLVERTON, District Judge (after stating the facts). Based upon the record, the question arises whether Kerron should be required to turn over the property, or the money that he bid for it, or, in default thereof, should be adjudged to be in contempt. That there may be no confusion, it should be premised that in any event the

trustee could only be entitled to the property or the money, the proceeds thereof, and not to both. The demand is for both, and the petition seems to comprise both. But that would constitute a double relief for the same cause, and would work a palpable injustice. However, as I understand counsel, it is the money that the trustee is seeking to have delivered to him, rather than the property—such being the preferable relief—and I shall consider the case upon that hypothesis, although it can make no difference in legal contemplation whether he is seeking the money or the property.

The relief is sought by virtue of section 67f of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]), which provides:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid. And the court may order such conveyance as shall be necessary to carry the purposes of this section into effect: Provided, that nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment, or other lien, of a bona fide purchaser for value who shall have acquired the same without notice or reasonable cause for inquiry."

By a judicial interpretation of this section it has been ascertained that it is the lien which is obtained or created by the levy, judgment, or attachment, or other process, that is invalidated, and that, where the lien has been obtained more than four months prior to the filing of the petition, it is not only not to be deemed to be null and void on adjudication, but its validity is recognized. Metcalf v. Barker, 187 U. S. 165, 174, 23 Sup. Ct. 67, 47 L. Ed. 122. Being invalidated, the property is divested of the incumbrance, and the trustee takes it by succession from the bankrupt as if none had ever existed or had been claimed. The distinction should be held in mind between the lien claimed upon the property by virtue of the levy, attachment, etc., and the property itself. It is the lien that section 67f treats of and is designed to affect directly. The property is only affected incidentally by a discharge of the lien. A judgment itself does not necessarily constitute a lien upon any property, unless made so by statute. Usually, as it respects personal property, it only becomes a lien by virtue of an execution and a levy thereunder. From the time of the levy, the lien is deemed to attach, and not before. Collier on Bankruptcy (4th Ed.) p. 419. It can make no difference, therefore, in this case, that the judgment was obtained long prior to the filing of the petition in bankruptcy. The levy was made some time prior to August 1, 1903, and less than four months preceding the filing of such petition.

In the case In re Francis-Valentine Company, 2 Am. Bankr. Rep. 188, 93 Fed. 953, it was held that, where property is in the hands of a sheriff under certain writs of attachment, in a suit commenced

within four months before the filing of a petition in bankruptcy, the trustee of the bankrupt is entitled to possession as against the sheriff; and that the court of bankruptcy has jurisdiction upon a summary petition by the trustee to order the sheriff to restore such property to him. The property itself, it will be seen, was here in the hands of the sheriff; the same not having been sold by virtue of any further writ.

In another case (In re Franks [D. C.] 95 Fed. 635) a petition in bankruptcy was filed within four months after the levy of an attachment, and the adjudication followed. In the meantime the sheriff had sold the property to a bona fide purchaser, for value, and collected the proceeds. It was held that such proceeds constituted a part of the estate in bankruptcy, and could be recovered by the trustee when appointed. In this case it will be seen that the proceeds of the property yet remained in the hands of the sheriff, while the property itself had passed into the hands of a third party. But, under the section above quoted, it was determined that the trustee was empowered to claim the proceeds of the property. The case is in recognition also of the right of the trustee, as provided by the section cited, to adopt the benefit of the process called into requisition by the claimant, and thereby to avail himself of the proceeds of the sale, as the claimant could, if no petition had been filed or adjudication had.

In the case In re Kenney, decided in the District Court for the Southern District of New York (95 Fed. 427), it was held that where, within the four months before the filing of a petition in bankruptcy against an insolvent judgment debtor, an execution had been issued and levied, and sale made, the title to the proceeds of the sale yet remaining in the hands of the sheriff belonged to the bankrupt estate, which proceeds must be paid over to the trustee when appointed. The doctrine was adhered to on a rehearing. 97 Fed. 554. The case was subsequently appealed to and affirmed by the Circuit Court of Appeals, Second District. 105 Fed. 897, 45 C. C. A. 113.

The case at bar, however, presents a different condition from either of the foregoing, by reason of the fact that the purchaser, who is the judgment creditor, has come into the property by virtue of the sheriff's sale, which had been consummated prior to the filing of the petition in bankruptcy, and everything had been done that was required by law to be done for a transfer of the debtor's property to the purchaser, through the process of the court, so that, at the time of the filing of the petition in bankruptcy, the debtor was not the owner of the property, and, not being the owner, a fortiori he was not the owner of the proceeds thereof. Keeping in mind, now, that it is the lien that is declared void by virtue of section 67f, and not the transfer, one can readily understand that the section does not affect the transaction vitally, or render it void. This has been decided by the case of Levor v. Seiter et al., 8 Am. Bankr. Rep. 459, 74 N. Y. Supp. 499. The case was first decided in the New York Supreme Court, Special Term (Levor v. Seiter et al., 5 Am. Bankr. Rep. 576, 69 N. Y. Supp. 987); it being there held that, where a judgment has been had and a levy made within four months of the filing of the petition in bankruptcy, and the property sold, and the money, the proceeds of the

sale, turned in to the hands of the judgment creditor, the lien of the judgment and levy were wholly void, and the creditor could be compelled to return the money in a plenary suit instituted by the trustee for that purpose. But this case was reversed on appeal to the Appellate Division of the Supreme Court of that state (see Levor v. Seiter et al., supra), where it is held that, the money having been paid over to the judgment creditor before the filing of the petition in bankruptcy, the case does not fall within the provisions of section 67f of the bankrupt act, and that the lien created by the judgment and levy is not rendered void by the adjudication. It was further held, in that case, that the remedy, if any the trustee had, was by action against the creditor for having received a preference under the provisions of sections 60a and 60b (30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]); but that, in order that he might succeed in such action, it was necessary that he allege and show that the creditor had reasonable cause to believe that the bankrupt, by suffering judgment to be taken against him, intended to give a preference. So that, in view of this case, it is manifest that the trustee is not authorized by this summary remedy to require the purchaser to pay the proceeds of the property in his hands to him. But, while there seems to be some contradiction among the authorities as to when the summary proceeding will be entertained, it is well settled that it is not appropriate for a recovery of the property, or the proceeds thereof, after the same has passed into the hands of the purchaser, all prior to the petition and adjudication in bankruptcy. After the property has passed under such conditions, it amounts to a transfer, and it becomes a preference, if liable at all to the suit of the trustee, and the manner of recovery is prescribed by sections 60a and 60b of the bankruptcy act. In such event, it is also necessary to show that the preference was received by the beneficiary under a belief on his part, or having reasonable grounds therefor, that it was intended for such purpose. Otherwise, even the transfer is not voidable.

There is no question here as to the bona fides of the purchaser under section 67f; but the only one that can be made is as to whether the sale by the sheriff, and the corresponding transfer, constituted a preference. This, as I have seen, is not triable by the summary proceeding adopted, and can only be determined in a suit by the trustee for that purpose.

It follows that the proceeding should be dismissed, and Kerron discharged of the contempt; and such will be the order of the court.