In re RESNEK et al.

(District Court, E. D. Pennsylvania. February 9, 1909.)

No. 3,069.

BANKRUPTCY (§ 287*)—LIENS ACQUIRED BY LEGAL PROCEEDINGS—EFFECT OF
LEVY AND SALE BEFORE BANKRUPTCY—REMEDY OF TRUSTEE.

Where an execution was issued against an insolvent debtor within
four months prior to his bankruptcy, and a levy and sale made, and the
proceeds paid over to the judgment creditor before the filing of the
petition, the case does not fall within Bankr. Act July 1, 1898, c. 541,
§ 67f, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3450), avoiding liens obtained
through legal proceedings, and the referee is without power to summarily
direct a repayment of the money; the remedy of the trustee, if any,
being by a plenary action to recover the amount as a preference under sec-
tion 60b.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 444; Dec.
Dig. § 287.*]

In Bankruptcy. On certificate of referee.

Calvin F. Smith, for Albert H. Resnek.

Frank Reeder, Jr., for trustee.

HOLLAND, District Judge. In this case the judgment had been
entered in the court of common pleas of Northampton county, the
levy and sale made, and the money paid over to Albert H. Resnek
on the 9th day of December, 1907, within four months of the filing
of the petition in bankruptcy against the alleged bankrupts, which
took place on the 16th day of March, 1908, and the adjudication was
entered April 16, 1908. Upon the presentation of a petition, the ref-
eree summarily directed Albert H. Resnek to pay over to the trustee
in bankruptcy the net proceeds received from the sheriff on the ex-
ecution, to which order Resnek excepted, and the question is cert-
fied to this court for determination as to whether the referee, under
the circumstances, had jurisdiction to make this summary order.

Where, within four months before the filing of a petition in bank-
ruptcy against an insolvent debtor, an execution has been issued and
levy and sale made and the proceeds paid over to the judgment cred-
itor before the filing of the petition, the case does not fall within the
provisions of section 67f of the bankrupt act (Act July 1, 1898, c.
541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]), and the lien cre-
ated by the judgment and levy is not rendered void by the adjudica-
tion. The remedy, if any, the trustee has against the creditor, is
under the provisions of sections 60a and 60b of the bankrupt act
in a plenary action, where it will be necessary to allege and show that
the creditor had reasonable cause to believe that the bankrupt, by
suffering judgment to be taken against him, intended to give a pref-
erence. In re Blair (D. C.) 102 Fed. 987; In re Bailey (D. C.) 144
Fed. 214. And this is true, even though the proceeds of the execu-
tion are insufficient to satisfy the claim of the judgment creditor. In
re Knickerbocker (D. C.) 121 Fed. 1004.

It follows, therefore, that the order of the referee must be reversed.
It is so ordered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes