916

## In re CARR.
### No. 6543.

District Court, M. D. Pennsylvania.
April 15, 1930.

O. B. Partridge, of Scranton, Pa., for petitioner.

Welles, Mumford & Stark, of Scranton, Pa., for respondents.

WATSON, District Judge.

On the 25th day of October, 1929, Armour & Co., Incorporated, obtained a judgment against Frank L. Carr, the bankrupt in this case. Thereafter execution was issued, and levy was made upon certain property of the bankrupt, which was on November 29, 1929, sold by constable; Armour & Co., Incorporated, becoming the purchaser. On November 30, 1929, Frank L. Carr filed a voluntary petition in bankruptcy, and was on the same day adjudged a bankrupt.

On January 11, 1930, upon petition of Frank L. Carr, the bankrupt, a rule was granted on Warren Le France, constable of the Tenth ward of the city of Scranton, to show cause why the constable sale should not be declared null and void, and upon Armour & Co., Incorporated, to show cause why it should not return the property purchased at said sale, or pay over the value thereof. The matter is now before the court for disposition.

The petitioner, in his petition, has undoubtedly inadvertently referred to section 21a of the Bankruptcy Act (11 USCA § 44 (a) as the section under which he seeks relief. Section 21a of the Bankruptcy Act has no application to the facts presented by the petition. Section 21a of the Bankruptcy Act provides:

"A court of bankruptcy may, upon application of any officer, bankrupt, or creditor, by order require any designated person, including the bankrupt and his wife, to appear in court or before a referee or the judge of any State court, to be examined concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration under this Act:

"Provided, That the wife may be examined only touching business transacted by her or to which she is a party, and to determine the fact whether she has transacted or been a party to any business of the bankrupt."

The language of the prayer of the petition indicates that the petitioner intended to seek relief under section 67f of the Bankruptcy Act (11 USCA § 107(f), which provides:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid. And the court may order such conveyance as shall be necessary to carry the purposes of this section into effect: [Provided, That] nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment, or other lien, of a bona fide purchaser for value who shall have acquired the same without notice or reasonable cause for inquiry."

In the case at bar, the money or the property had been turned over to the judgment creditor, Armour & Co., Incorporated, before the filing of the petition in bankruptcy. Such a case does not fall within the provision of 67f of the Bankruptcy Act, and the lien created by the judgment and levy is not rendered void by the adjudication. In re Bailey (D. C.) 144 F. 214.

In Re Resnek et al. (District Court, Eastern District of Pennsylvania) 167 F. 574, it was held that "where, within four months before the filing of a petition in bankruptcy against an insolvent debtor, an execution has been issued and levy and sale made and the proceeds paid over to the judgment creditor before the filing of the petition, the case does not fall within the provisions of section 67f of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450 (11 USCA § 107(f)]]), and the lien created by the judgment and levy is not rendered void by the adjudication. The remedy, if any, the trustee has against the creditor, is under the provisions of sections 60a and 60b of the bankrupt act in a plenary action, where it will be necessary to allege and show that the creditor had reasonable cause to believe that the bankrupt, by suffering judgment to be taken against him, intended to give a preference. In re Blair (D. C.) 102 F. 987; In re Bailey (D. C.) 144 F. 214."

This case does not fall within the provisions of section 67f of the Bankruptcy Act, and, if there is any remedy in this case against the creditor, Armour & Co., Incorporated, it is by the trustee under the provisions of sections 60a and 60b of the Bankruptcy Act (11 USCA §§ 96(a) and 96(b) in a plenary action wherein it will be necessary for the trustee to allege and prove all the statutory elements of the preference before he can recover. It follows that the rule to show cause must be discharged.

The rule to show cause entered in this case is discharged.