## ADLER v. GREENFIELD.
### No. 6476.

District Court, E. D. New York.
Dec. 9, 1935.

Harry Malter, of New York City, for plaintiff.

Philip Bassewitz, of Brooklyn, N. Y. (Maurice F. Miller, of Brooklyn, N. Y., of counsel), for defendant.

GALSTON, District Judge.

The complaint alleges that on November 24, 1933, Morris Greenfield filed a voluntary petition in bankruptcy and was thereupon duly adjudicated a bankrupt. Prior thereto and on or about December 5, 1932, the defendant instituted an action against Greenfield, and on the default of the defendant in that suit, the bankrupt herein, obtained and entered a judgment on December 9, 1932, in the sum of $1,089.-70. The bankrupt was at that time engaged in the business of conducting a retail drug store, but the defendant herein took no steps to enforce the collection of the aforesaid judgment until on or about October 11, 1933. At that time the defendant issued execution to the marshal, who made a levy upon the stock of merchandise of the bankrupt. On October 17, 1933, the marshal sold the bankrupt's assets at public auction and the defendant became the purchaser for the sum of $665, and the judgment was satisfied, after payment of the marshal's fees, as to $620 and remains unsatisfied as to $469.70.

It is contended that the effect of the sale was to transfer to the defendant the bankrupt's property so that the defendant was thus enabled to obtain a greater percentage of his debt than any other of the bankrupt's creditors of the same class. The plaintiff accordingly seeks a judgment against the defendant in the sum of $665.

A stipulation of the parties waived a jury.

It appears that prior to the institution of this plenary suit the trustee sought by motion to require the defendant and one Irving Posnik in a summary proceeding to turn over the stock of drugs once owned by the bankrupt. The trustee's motion was denied by the referee, and on a petition to review, the order of the referee was confirmed by Judge Campbell. From his opinion it appears that the proceeding before the referee involved two propositions: First, that the sale was fraudulent; second, that the sale under execution held within four months prior to the filing of the petition in bankruptcy is void under 67f of the Bankruptcy Act, 11 U.S.C.A. § 107 (f). The referee had found that the sale was not fraudulent and the contention that the sale was void under 67 (f) was not sustained. Judge Campbell held that the sale having been had and the property turned over to the purchaser, and the purchase price credited on the judgment before the filing of the petition in bankruptcy, the provisions of section 67f were not applicable. See In re Carr (D.C.) 39 F. (2d) 916; In re Weitzel (D.C.) 191 F. 463; In re Resnek (D.C.) 167 F. 574; In re Bailey (D.C.) 144 F. 214, 216; In re Knickerbocker (D.C.) 121 F. 1004; In re Blair (D.C.) 102 F. 987. Judge Campbell found, however, that: "The issue of preferential transfer was never tendered, and if the trustee has any right to set aside the sale, or recover the proceeds, on that ground, it must be by plenary suit and not in this proceeding."

Accordingly this plenary suit was brought.

Relief is sought under section 60b of the Bankruptcy Act (title 11, U.S.Code, § 96b, 11 U.S.C.A. § 96 (b)), which provides: "If a bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person or have made a transfer of any of his property, and if, at the time of the transfer, or of the entry of the judgment, or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months

before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have *reasonable cause to believe* that the enforcement of such judgment or *transfer* would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person."

The critical question then is whether the sale under execution, which took place only a little more than a month before the filing of the petition in bankruptcy, was a transfer within the meaning of the statute. The question was thoroughly well considered in Golden Hill Distilling Co. v. Logue (C.C.A.) 243 F. 342, 348, and after a painstaking consideration of the authorities by Judge Denison it was concluded that a creditor who recovers a judgment "by consent or in invitum, and by execution sale collects his money within four months preceding bankruptcy, and with reasonable cause to believe, etc., receives a voidable preference, which he must repay to the trustee."

To meet full compliance with the statute, proof that the defendant had reasonable cause to believe that the transfer would effect a preference is found in the defendant's frank admissions. He testified that he was led to issue execution because his mother had told him that the creditors of his brother (the bankrupt) were beginning to take action against him.

I direct, therefore, a verdict for the plaintiff in the sum of $665, with interest from October 17, 1933.