## In re KENTUCKY BOOK MFG. CO.
### No. 13433.

District Court, W. D. Kentucky, Louisville Division.

Dec. 9, 1939.

James B. Young, of Louisville, Ky., for Dorothy Strobbe.

Morris W. Jones, of Louisville, Ky., trustee.

MILLER, District Judge.

This matter is before the court on the petition of Dorothy Strobbe, a creditor and claimant in the bankruptcy proceedings, to review an order of the referee entered on November 6, 1939 disallowing her claim for possession of certain personal property in the hands of the trustee in bankruptcy.

The bankrupt, Kentucky Book Manufacturing Company, leased quarters in Louisville, Kentucky, from the petitioner Dorothy Strobbe at a rental of $90 per month. The bankrupt failed to pay the rent for May and June 1939 and on June 22, 1939 Dorothy Strobbe caused a distress warrant to be issued and levied on a Cleveland Folding Machine belonging to the bankrupt and located on the leased premises. This machine was sold under the levy on July 17, 1939 at which sale the landlord became the purchaser for the sum of $195.25 which was the amount of her claim for rent and costs. The folding machine was allowed to remain upon the premises and was on said premises at the time the bankruptcy proceedings were instituted.

The bankrupt failed to pay the rent for the month of July 1939 and Dorothy Strobbe on July 17, 1939 had a distress warrant levied on a Sheridan Cutting Machine which belonged to the bankrupt and was located on the leased premises. The cutting machine was sold on July 27, 1939 at which sale the landlord became the purchaser for the sum of $98.45, which was the amount of her claim for rent and costs. The cutting machine was allowed to remain on the premises and was on said premises when the bankruptcy proceedings were instituted.

On September 6, 1939 the Kentucky Book Manufacturing Company filed a petition in bankruptcy and was on the same day duly adjudicated a bankrupt. The trustee considered the folding machine and the cutting machine as property of the bankrupt and had them appraised along with the other property of the bankrupt estate. The folding machine was appraised at $325 and the cutting machine appraised at $375.

On October 10, 1939 Dorothy Strobbe asserted ownership of the two machines, by reason of her purchase of the same at the two sales in question. The trustee filed exceptions to her claim which exceptions were sustained by the referee in the order of November 6, 1939 which is now under review.

The trustee does not deny the lien of the landlord against the property in question as provided by Section 2316 of the Kentucky Statutes. He contends, however, that the transfer to Dorothy Strobbe under the two sales in question, being within the four months' period prior to bankruptcy, was a preferential transfer within the provisions of Section 60 of the Bankruptcy Act, being Section 96, Title 11 U.S.C.A., and by reason of the same he is entitled to the possession of the property as assets of the bankrupt estate subject to the lien for the rent in question. The petitioner claims she acquired a valid title to the two machines by reason of the two sales in question and that the transaction was not a preferential transfer, or a transfer which can be set aside by the trustee in these proceedings.

In the opinion of the court the proceedings in question did not constitute a transfer within the provisions of Section 60 of the Bankruptcy Act. On the contrary, the rights acquired by the landlord by the levy of the two distress warrants seem to be liens obtained by the creditor, and governed as to their validity by the provisions of Section 67 of the Bankruptcy Act, Section 107, Title 11 U.S.C.A. This section before the amendment of 1938 provided:

"All levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, and any bond which may be given to dissolve any such lien so created, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien * * * shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, * * *."

It has been decided many times under this section of the Bankruptcy Act that a landlord's lien perfected by the levy of a distress warrant within four months of the filing of the petition in bankruptcy is not one obtained by legal proceedings within the meaning of the act, and is not dissolved by the later adjudication within the four months' period. Henderson v. Mayer, 225 U.S. 631, 32 S.Ct. 699, 56 L.Ed. 1233; City of Richmond v. Bird, 249 U.S. 174, 39 S.Ct. 186, 63 L.Ed. 543; Courtney v. Fidelity Trust Co., 6 Cir., 219 F. 57; In re

West Side Paper Co., 3 Cir., 162 F. 110, 15 Ann.Cas. 384; Britton v. Western Iowa Co., 8 Cir., 9 F.2d 488, 45 A.L.R. 711; In re Robinson & Smith, 7 Cir., 154 F. 343.

The amendment of 1938 changed the wording but not the substance of Section 67, and in addition specifically provided that

"Statutory liens in favor of employees, contractors, mechanics, landlords, or other classes of persons * * * may be valid against the trustee, even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the petition in bankruptcy * * *." 11 U.S.C.A. § 107, sub. b.

■ It would seem therefore that the lien acquired by the landlord and perfected by the levy of the distress warrant was not one which was dissolved by the institution of bankruptcy proceedings within four months thereafter. The lien creditor had a right to enforce his lien by a judicial sale, and the title acquired by the purchaser at such a sale would not be a voidable title by reason of any alleged preference. A title acquired by a bona fide purchaser at a judicial sale, even where the lien being enforced is a voidable one, has been held to be good. In re Weitzel, D.C.N.Y., 191 F. 463; In re Carr, D.C.Pa., 39 F.2d 916. Section 67 of the Bankruptcy Act specifically protects such a purchaser. If the lien being enforced by a judicial sale is not a voidable one, the purchaser stands in even a better position and his title can only be defeated by successfully attacking the validity of the sale. In this respect the trustee relies upon the fact that the consideration paid in each instance was grossly inadequate and that the sale should not be permitted to stand. There are two answers to this contention. It is well settled in Kentucky that inadequacy of the purchase price at a judicial sale is not by itself sufficient grounds to set aside the sale unless the inadequacy of the consideration is so gross as to shock the conscience or to create a presumption of fraud. Kentucky Joint Land Bank v. Fitzpatrick, 237 Ky. 624, 36 S.W.2d 25; Melton v. Tipton, 264 Ky. 196, 94 S.W.2d 350; Louisville Title Co. v. Ramsey, 258 Ky. 183, 79 S.W.2d 693. It is a matter of common knowledge among lawyers that personal property sold under a distress warrant usually brings an inadequate price, and in many cases it is of necessity bought in by the landlord for the amount of his judgment and costs. Even

if the sale should be subject to attack by reason of the inadequacy of consideration such an attack should be by a plenary suit by the trustee rather than by summary proceedings in the bankruptcy court. We have been referred to the decision of the Circuit Court of Appeals for the 6th Circuit in the case of Louisville Realty Co. v. Johnson (In re Joyes), 290 F. 176, in which an order of the bankruptcy court restraining the plaintiff in a distress warrant, and the constable who held the warrant from selling goods distrained by virtue thereof was affirmed on the ground that the bankruptcy action superseded the state action, and authorized the bankruptcy court by summary proceeding to take possession of the property seized under the warrant and administer it, recognizing, however, the landlord's lien. In that case, however, the sale had not been completed and the existence of the lien was not disturbed. The situation is materially different where the sale has already been completed in the state court, and the lien converted into a title. Under such circumstances the petitioner, at the time bankruptcy took place, was claiming the property in question adversely to the bankrupt and his estate, and accordingly jurisdiction by summary proceeding was lacking. This distinction was pointed out by the Circuit Court of Appeals for the 6th Circuit in the case of In re Diamond's Estate, 259 F. 70, and by the Supreme Court in Louisville Trust Co. v. Comingor, 184 U.S. 18, 22, S.Ct. 293, 46 L. Ed. 413.

■ An additional question is presented by the fact that the purchaser permitted the property purchased at the sale to remain upon the property of the bankrupt. Section 1908 of the Kentucky Statutes provides as follows:

"Every voluntary alienation of or charge upon personal property, unless the actual possession, in good faith, accompanies the same, shall be voided as to a purchaser without notice, or any creditor, prior to the lodging for record of such transfer or charge in the office of the county court for the county where the alienor or person creating the charge resides."

The statute refers to the "voluntary" alienation of personal property. The Kentucky Court of Appeals has construed this as not applicable to judicial sales. Greathouse et al. v. Brown, 5 T.B.Monroe 280, 17 Am.Dec. 67; Kenton v. Ratcliffe et al., 105 Ky. 376, 49 S.W. 14.

■ In the opinion of the court the claimant Dorothy Strobbe acquired prior to bankruptcy a title to the two machines in question which can not be upset· by summary proceedings in bankruptcy, and accordingly, her petition for possession of the property should have been sustained. The referee's order of November 6th, 1939 disallowing her claim is therefore set aside.